BOLIN, Judge.
Plaintiff instituted suit against defendant in Caddo Parish seeking a declaratory judgment and an injunction. From an interlocutory decree ordering the suit transferred to the district court of Orleans Parish, plaintiff has appealed. Defendant contends the judgment of the lower court is correct; and furthermore it has filed a motion to dismiss the appeal on the ground the appeal is not from a final judgment, but is from an interlocutory decree without a showing of irreparable injury as required by LSA-Code of Civil Procedure Article 2083.
*598 In order to fully understand the case, a more detailed statement of the background and circumstances will be given. Plaintiff is engaged in the funeral business in Shreveport, Louisiana, and had periodically advertised in the two Shreveport newspapers the particulars of funerals scheduled by it in the area. When no services were scheduled the advertisement read as follows:
“We Will Credit the Face Value of Any Valid Burial Policy Against the Cost of an Osborn Service.”
After having been notified of plaintiff’s type of advertising defendant board held a meeting and ultimately issued orders to Osborn to cease such advertising as being contrary to the rules of the board. Plaintiff, feeling its actions were neither contrary to the Louisiana law nor to the rules established by the defendant board in compliance with the statute, brought the aforementioned suit in Caddo Parish. In the action plaintiff sought a declaratory judgment to ascertain whether its actions were illegal, and if not, to enjoin defendant from further enforcing its order.
To this suit defendant filed an exception to the venue of the Caddo Parish District Court predicated on the theory that defendant, being a state agency, was domiciled either in Orleans or East Baton Rouge Parish. The lower court sustained the exception and ordered the proceedings transferred to the district court in East Baton Rouge Parish. Plaintiff asked for and was granted a writ of review by this Court. We decided Caddo Parish was the proper venue for the action, reversed the ruling of the lower court and ordered the case remanded for trial on the merits. See Osborn Funeral Home v. Louisiana State Board of Embalmers (La.App. 2 Cir., 1963) 149 So.2d 225. Writs being refused by the Supreme Court, this ruling became final on April 11, 1963. 244 La. 204, 151 So.2d 493.
Following remand of the case defendant lied an answer on May 16, 1963. On July 1, 1963, Louisiana Act 12 of 1963, amending and re-enacting certain sections of the general embalming and funeral directors statute, became effective. Under the act in question, LSA-R.S. 37:832 was amended to read as follows:
“The domicile of the board shall be in the City of New Orleans, State of Louisiana where and only where it may be sued.”
Following passage of the 1963 Act, defendant filed a second exception to the-venue which was identical in every respect, to the one which had been initially filed and', overruled by this Court. The basis of this, exception was defendant’s contention the-1963 Act had amended the law so as to. make Orleans Parish the exclusive venue-for the existing proceedings. The tria! judge sustained the exception. From this, ruling, plaintiff has appealed and defendant has filed a motion to dismiss the appeal because the order appealed from is an interlocutory decree and no irreparable in jury-has been shown, as required by LSA-C.C.P.. Art. 2083 which provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlomtory judgment zvhich may cause irreparable injury.” (Emphasis supplied by this Court.)
An interlocutory judgment is defined under Article 1841 as:
“ * * * [a] judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.”
First giving consideration to the-motion to dismiss the appeal, the primary-question is whether irreparable injury maybe caused by the interlocutory judgment-since the law is clear that in the absence of the likelihood of such injury an appeal cannot ordinarily be taken from an interlocutory decree.
*599 We think the possibility of plaintiff suffering irreparable injury in this case has been established. Osborn had a privilege to litigate its case in the forum which it originally chose. The question of whether Caddo Parish was the proper venue for the action was decided favorably to plaintiff by a decree of this Court. When the Louisiana Supreme Court refused writs in that •case it became a final judgment insofar as the question of venue was concerned. See Hancock v. Liberty Mutual Ins. Co. (La.App. 1 Cir., 1963) 135 So.2d 47.
After the issue of venue became final, the Louisiana Legislature amended the act in order definitely to establish the legal domicile of the Louisiana State Board of Embalmers as Orleans Parish. If we now require plaintiff to sue defendant at the domicile established under the 1963 Act, we will be depriving Osborn of a vested right given it by a final decree of this Court.
Defendant takes the position there can be no irreparable injury because plaintiff has a right to litigate its case in Orleans Parish. This position seems untenable. Simply stated, plaintiff does not desire to try its case in Orleans Parish and it has secured a final judgment of this Court stating it may properly litigate this case in Caddo Parish.
Giving consideration next to the appeal on the merits, we first consider whether an exception based on improper venue is timely submitted after answer had been filed. Pertinent thereto is LSA-C.C.P. Art. 44 providing in part as follows:

“Except as otherwise provided in this article or by other law, any objection to the venue, including one based on any article in this Chapter, is waived by the failure of the defendant to plead the declinatory exception timely .as provided in Article 928.” (Emphasis supplied.)
The following portion of Article 928 is also pertinent:
“The declinatory exception and the dilatory exception shall he pleaded prior to answer or judgment by default. * * * ” (Emphasis supplied.)
 We conclude the cited Articles of the Louisiana Code of Civil Procedure require the exception to be filed prior to an answer on the merits. In fact, Article 928 so provides in no uncertain terms. However, defendant attempts to circumvent this codal provision by contending its present right to except to the venue did not accrue until the 1963 Act became effective. On this question, defendant takes the position the 1963 Act was procedural or remedial and therefore was intended to be applied retroactively, and for this reason it applies to the case under consideration. It is not necessary to decide whether the 1963 Act was procedural or remedial. Plaintiff had a vested right in the prior decision of this Court as above referred to. That right, even though it was under an interlocutory decree, had bcome final. If this Court decides the 1963 Act was remedial and retroactive in such a manner as to take this substantial and vested right away from plaintiff, we would be giving an interpretation to the 1963 Statute which is unconstitutional. In this connection, see 16 C.J.S. Constitutional Law p. 1266, § 271, which states:
“The legislature may not by retroactive statute annul, set aside, or impair final judgments or rights therein adjudicated, nor may this result be effected by judicial decision. Thus, the legislature may not validate a contract which has been declared void, or authorize the modification or annulment of a final award of alimony, or the opening of judgments previously obtained by fraud or perjury. * * * ” (Louisiana cases cited, Note 45.)
*600 Section IS, Art. 4, Louisiana Constitution of 1921, LSA provides:
“No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid.
A judgment need not be a final judgment as defined under LSA-C.C.P. Art. 1841 in order to confer on a litigant a vested right. To the contrary, an interlocutory decree, if it has become final and if it involves such a right as is involved in the instant case, may grant a vested right protected under the constitutional article above referred to.
Summarizing our findings, we hold the judgment rendered by this Court on January 2, 1963, in favor of Osborn Funeral Home, Inc., remanding the case to the District Court of Caddo Parish for further proceedings became final on April 11, 1963, which meant the decree was in force, operative and to be carried out. Once the judgment of this Court became final under the machinery provided in the Louisiana Constitution, and as long as it affected vested rights, it was beyond the reach of any legislative act. The Act of 1963 had no application to this case whether it was intended to be retroactive or otherwise. After the case was remanded to the Caddo District Court for trial and defendant had filed its answer, no further objections should have been entertained.
For the reasons assigned, the judgment of the First Judicial District Court, in and for Caddo Parish, Louisiana, ordering this case transferred to the District Court of Orleans Parish, is reversed and set aside and the case is remanded to the First Judicial District Court, Caddo Parish, Louisiana, for further proceedings consistent with this opinion and the law. It is further ordered that defendant pay all costs of this appeal and all other costs to await the final determination of the cause.
Reversed and remanded.