**SWISS ISRAEL TRADE BANK,**
Plaintiff,

v.

**E. L. MOBLEY, Defendant and Third-Party Plaintiff,**

v.

**J. P. JONES CORP., Sumner Bernstein d/b/a Morris Brothers and Republic National Bank of New York, Third-Party Defendants.**

Civ. A. No. 2693.

United States District Court,
S. D. Georgia,
Savannah Division.

Nov. 13, 1970.

Thomas S. Gray, Jr., Oliver, Maner & Gray, Savannah, Ga., for Swiss Israel Trade Bank, plaintiff, and Republic National Bank of New York, third-party defendant.

Edward T. Brennan, Adams, Adams, Brennan & Gardner, Savannah, Ga., for E. L. Mobley, defendant and third-party plaintiff.

## ORDER

LAWRENCE, Chief Judge.

This is a motion by Republic National Bank of New York, a national banking association established in that State, to dismiss the third party complaint for want of jurisdiction.

Under 12 U.S.C.A. § 94 "actions and proceedings" against a national bank must be brought in a district court in the district where it is "established" or, if filed in a state court, then in the county or city where the association is "located." Congress intended that a national bank could not be sued against its will in any court other than those specified. Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523. The liberal venue provisions of the Securities Exchange Act do not create an exception to the restricted venue as to national banks laid down in 12 U.S.C.A. § 94. General Electric Credit Corporation v. James Talcott, Inc., D.C., 271 F.Supp. 699; Rome v. Eltra Corporation, D.C., 297 F.Supp. 314; Bruns, Nordeman & Co. v. American National Bank and Trust Company, 394 F.2d 300; Klein v. Bower, 2 Cir., 421 F.2d 338. As stated in the latter case, "Although the narrow venue of the National Bank Act imposes inconveniences on plaintiffs, especially in cases of multiple defendants, the remedy for the situation must be provided by Congress."

If the provisions as to venue under the Securities Exchange Act do not constitute an exception or a repeal by implication, certainly Rule 14 of the Federal Rules of Civil Procedure cannot undo what Congress specially provided as to suits against national banks. While third party complaints are regarded as ancillary for jurisdictional purposes and no independent jurisdictional ground is necessary (3 Moore's Federal Practice § 14.28[2]) the rule-making authority must yield to the legislative power. The fact that this is a third party proceeding does not make 12 U.S.C.A. § 94 inapplicable. It is just as much of an action against a national bank as a suit brought directly against such an association. Congress has confined actions against national banks to districts in which they are established. The Republic National Bank of New York is not established in this District.

The motion to dismiss is accordingly granted.