REGAN, Judge.
The plaintiff, Robert F. McGowan, filed this suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, individually and as the natural tutor of his minor child, Michael R. McGowan, against the defendant, Richard B. Gomez, Hewitt Gomez, his father, and Marion E. Talley, endeavoring to recover damages for the wrongful death of his wife, Patsy D, McGowan, who was fatally injured while riding as a guest passenger in an automobile driven by Marion E. Talley.
The defendants pleaded the exceptions of improper venue predicated on the fact that none of them were domiciled in the Parish of East Baton Rouge and that the accident occurred in the Parish of St. John the Baptist. The Nineteenth Judicial District Court rendered judgment maintaining these exceptions, and transferred the case to the Civil District Court for the Parish of Orleans, the domicile of the Gomez’; pursuant to Article 121 of the Code of Civil Procedure. When the transfer was effected, all defendants pleaded the exceptions of prescription, arguing that the suit was filed in an improper venue and that prescription was not interrupted by service of process within one year in conformity with the rationale of R.S. 9:5801. The lower court maintained the plea of prescription filed by Marion E. Talley, and dismissed the plaintiff’s suit against him. From that judgment, the plaintiff has prosecuted this appeal.[1]
The record discloses that the plaintiff’s wife, Patsy D. McGowan, died as the result of an automobile accident which occurred on February 11, 1967, in St. John the Baptist Parish. Mrs. McGowan was a guest passenger in an automobile driven by Marion E. Talley, which collided with a vehicle operated by Richard P. Gomez. Suit was filed on the last possible date, February 12, 1968, since February 11, 1968, was a Sunday. It is conceded by all parties that service was not made on any of the defendants until more than one year had passed from the date of the accident.
When the accident occurred, Talley was domiciled in Oklahoma, but resided in East Baton Rouge Parish. Hewitt B. Gomez was domiciled in Orleans Parish, and consequently his minor son’s domicile was therefore the same.
The reason for the ruling by the Nineteenth Judicial District Court that the Parish of East Baton Rouge was an improper venue is obscure. Counsel for the defendants argue that the court ruled as it did because the suit was brought in conformity with R.S. 13:3474, the so-called “non-resident use of the highways statute,” which was inapplicable for the reason that Talley was a resident of Louisiana when the accident occurred. In any event, the lower *309 court ordered a change of venue to Orleans Parish, and no appeal was prosecuted from that judgment.
R.S. 9:5801 reads as follows:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. * * ”
It is therefore obvious that when a suit is filed in a court of improper venue or in a court which has no jurisdiction, prescription is not interrupted until the defendant has been served. In the present case, to reiterate, only for the purpose of emphasis, it is undisputed that none of the defendants were served within the one year peremptive period provided in Article 2315 for wrongful death actions. For this reason, counsel for the plaintiff, argues that this court should reopen the judgment of the Nineteenth Judicial District Court and reconsider its merits in view of the provisions of the Louisiana “long arm statute,”[2] which provides for service on a person who is a non-resident at the time of filing the suit[3] in an action for injuries or damages resulting from offenses or quasi offenses through the Louisiana Secretary of State. This statute further provides[4] that the venue in such an action may he in the parish of the plaintiff’s domicile. Since the plaintiff in this action is domiciled in the Parish of East Baton Rouge, counsel argues that the “long arm statute” is applicable and makes the Nineteenth Judicial District Court a court of proper venue as to all joint tort feasors.
It is both unnecessary and impossible for us to consider the merits of the plaintiff’s argument. Pursuant to Article 7, Section 20 of the Louisiana Constitution of 1921, this court is powerless to review a decision of the Nineteenth Judicial District Court since that court is within the territorial jurisdiction of the First Circuit Court of Appeal. Article 2083 of the Code of Civil Procedure provides that appeals may be taken from final judgments or from interlocutory judgments which may cause irreparable injury. Judgments maintaining exceptions of improper venue have been classified as interlocutory in nature,[5] but the courts have freely permitted appeals from such interlocutory judgments when there was any reasonable chance of irreparable injury being caused thereby.[6] In this case it is apparent that the judgment of the Nineteenth Judicial District Court determining the Parish of East Baton Rouge to be of improper venue was an appealable interlocutory judgment. The very existence of the plaintiff’s suit depended upon the correctness of his choice of venue, and it can hardly be said that an adverse ruling on this point would not have caused the plaintiff to suffer irreparable injury.
Since the judgment of the Nineteenth Judicial District Court was not appealed, it is final and determinative of the question of the impropriety of the plaintiff’s choice of venue. In view of the fact that the suit was filed in a court of improper venue, and since none of the defendants were served before the passage of the one year peremptive period, it is obvious that the peremptive period was not interrupted in *310 conformity with the rationale of R.S. 9:5801. Under these circumstances, the judgment of the lower court is correct and must therefore be affirmed.
For the foregoing reasons the judgment of the lower court maintaining the exception of prescription pleaded by Marion E. Talley is affirmed. Since there has- been no determination of the rights of the plaintiff against the other two defendants, this case is now remanded to the District Court for such additional proceedings as the nature of the case may require and in conformity with the views expressed herein-above.
The plaintiff is to pay all costs incurred herein to date, and any other costs are to be determined by the final result of the suit against the other defendants.
Affirmed and remanded.

. No judgment was rendered against the plaintiff as to the other two defendants, and a determination of their rights is not before us.

. R.S. 13:3201, et seq.

. See R.S. 13:3206.

. R.S. 13:3203.

. See Hancock v. Liberty Mutual Insurance Company, 155 So.2d 47 (La.App.1963) and Osborn Funeral Home v. Louisiana State Board of Embalmers, 162 So.2d 596 (La.App.1964) and eases cited therein.

.See Hancock v. Liberty Mutual Insurance Company, supra, and Osborn Funeral Home v. Louisiana State Board of Embalmers, supra.