## Astro Manufacturing Company, Inc. v. Northwest Savings (No. 1)

*Gary L. Farren*, for defendant.
*Andrew Conner*, for additional defendant.

WOLFE, *P. J.*, August 29, 1975—The additional defendant, Mellon Bank, N.A., has filed preliminary objections pursuant to Pa.R.C.P. 1017 in its capacity as additional defendant, requesting to be dismissed on the grounds this court lacks venue pursuant to 12 USC §94, 18 Stat. 320, as amended. This act provides:

"Actions and proceedings against any association under this chapter may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

Concerning third-party proceedings, it was held the act was applicable in Swiss Israel Trade Bank v. E. L. Mobley, 319 F. Supp. 374 (S. D. Ga., 1970), wherein the court stated:

"While third party complaints are regarded as ancillary for jurisdictional purposes and no independent jurisdictional ground is necessary . . . the rule-making authority must yield to the legislative power. The fact that this is a third party proceeding does not make 12 U.S.C.A. §94 inapplicable. It is just as much of an action against a national bank as a suit brought directly against such an association. Congress has confined actions against national banks to districts in which they are established."

The parties do not disagree, nor could they in the

instant case as Mellon Bank is not established in Warren County within the meaning of the venue limitation.

For the foregoing reasons, the court enters the following

### ORDER

And now, August 29, 1975, the action against Mellon Bank, N.A., is dismissed for lack of venue.