**John O. JONES et al., Plaintiffs,**

v.

**Paul D. KREMINSKI, Defendant and Third-Party Plaintiff,**

v.

**FEDERAL FINANCIAL SERVICES, INC., et al., Third-Party Defendants.**

**Ruth ALTIERI et al., Plaintiffs,**

v.

**Paul D. KREMINSKI et al., Defendants.**

**Paul D. KREMINSKI, Defendant and Third-Party Plaintiff,**

v.

**FEDERAL FINANCIAL SERVICES, INC., et al., Third-Party Defendants.**

**Civ. Nos. H–75–21 and H–75–91.**

United States District Court, D. Connecticut.

Oct. 8, 1975.

James I. Lotstein, John B. Nolan, Philip S. Walker, Hartford, Conn., for plaintiffs.

Robert G. Oliver, New Haven, Conn., Jack R. Pirozzolo, Boston, Mass., for defendant and third-party plaintiff.

Joseph Q. Koletsky, New London, Conn., for third-party defendant.

## RULING ON PENDING MOTIONS

BLUMENFELD, District Judge.

In each of these cases the third-party defendant, Seattle First National Bank, has filed motions to dismiss the claim against it for want of proper venue, pursuant to Rule 12(b)(3); or in the alternative to transfer the action against it to the Western District of Washington, pursuant to 28 U.S.C. § 1406(a).

These matters arose when the defendant and third-party plaintiff, Paul Kreminski, was sued for alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. and Rule 10(b)(5). The plaintiffs allege that Kreminski sold them promissory notes for investment which were in fact worthless. Kreminski in turn filed third-party complaints against twelve defendants, alleging that he himself had been the victim of a conspiracy to defraud.

In order to rule on this motion it is necessary to resolve an apparent conflict between two independent lines of authority in this circuit. The first line of authority stems from the decision in *Bruns, Nordeman & Co. v. American Nat'l Bank & Trust Co.*, 394 F.2d 300 (2d Cir.), *cert. denied*, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). In that case the Court of Appeals held that the broad venue provisions of the securities acts[1] did not take precedence over or partially repeal the extremely narrow venue provision of the National Bank Act, 12 U.S.C. § 94, which provides that an action may be had against a national bank only in the district where the bank is "established." This is also the rule in the Ninth Circuit. *United States National Bank v. Hill*, 434 F.2d 1019 (9th Cir. 1970).

It is clearly not a decision best suited to the enforcement of the securities acts and it was adopted by the Second Circuit "with regret." 394 F.2d at 301. More recently, the Third Circuit chose to reject that reasoning and to effectuate the modern provisions of the securities acts over the policy of the Bank Act venue provision which was adopted in 1864. *Ronson Corp. v. Liquifin Aktiengesellshaft*, 483 F.2d 852 (3d Cir. 1973).

The second line of decisions which causes the conflict in this case is the even more firmly established rule that under Rule 14, Fed. R. Civ. P., a third-party defendant cannot raise the issue of improper venue. *Lesnik v. Public Industrial Corp.*, 144 F.2d 968 (2d Cir. 1944).

This line of authority derives from two analytical justifications independent of the more commonly acknowledged purposes of Rule 14; concentrating related litigation in one court and restricting it if possible to one hearing. The first is that a third-party action is not an "original" action, but is ancillary to the original action and therefore has no independent venue requirements. *See* 3 J. Moore, *Federal Practice* ¶ 14.28[2] (1974), and cases cited therein at n. 4.

The second analysis is that once an action has been brought in a particular court it is "localized" there and becomes the equivalent of a "local action" for venue purposes.[2] *Lesnik v. Public Industrial Corp.*, 144 F.2d at 977. *Cf. Bruns, Nordeman & Co. v. American Nat'l Bank & Trust Co.*, 394 F.2d at 304.

The question then presented is which of these two opposing lines of authority should control when a national bank is a third-party defendant.

This court is of the opinion that the facts and policies which compelled and

---

1. 15 U.S.C. § 77v(a); 15 U.S.C. § 78aa.

2. The traditional "local action" exception to venue provisions is applicable to suits against national banks despite § 94. *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880).

justified the preference given to a national bank when the action against it was brought by an original plaintiff cannot be applied when the suit is brought by a person who is himself a defendant in the action. The fact that he is a defendant, and therefore had no choice in the venue of the action, means that the control over that choice which Congress attempted to exert in the National Bank Act is not applicable.

In addition, the policy question of the inconvenience to the plaintiff which Judge Friendly described in *Bruns,* is raised to another level when the application of the venue provision would allow a defendant to be whipsawed by a plaintiff in one district and the bank which he claims is liable in another. The policy of opposition to multiplicity of suits, with the attendant hardships to both the parties and the courts, would be frustrated by a different decision.

This court is aware that the two other district courts which have faced this problem have arrived at the opposite conclusion. In *Southeast Guaranty Trust Co., Ltd. v. Rodman & Renshaw, Inc.,* 358 F.Supp. 1001 (N.D.Ill.1973), the court dealt with the problem in a footnote and noted that the third-party plaintiffs in that case had cited no support for their position.

In *Swiss Israel Trade Bank v. Mobley,* 319 F. Supp. 374 (S.D. Ga. 1970), the court discussed this specific issue, but concluded that the Bank Act provision should be applied. The court reasoned that the rulemaking authority behind Rule 14 could not be held to have overridden the legislative power behind the Bank Act. That court however did not discuss the implication of its own circuit's rule that Rule 14 should be interpreted to override the venue provisions of 28 U.S.C. § 1391, and that an impleaded third-party defendant could not raise the venue issue. *Lone Star Package Car Co. v. Baltimore & O. R. Co.,* 212 F.2d 147 (5th Cir. 1954). For this reason this court disagrees with that decision.

In its decision in an analogous situation the Court of Claims held that the venue provision of the Bank Act did not prevent a national bank from being summoned to another district to present its claims in an action under the Contract Settlement Act of 1944, 41 U.S.C. § 114(b). The court brushed aside the bank's argument that to force it to answer was the functional equivalent of a civil action between it and the original plaintiff. *Great American Ins. Co. v. United States,* 397 F.2d 289, 184 Ct. Cl. 520 (1968).

▆ The objection may be raised that the *Lesnik* and *Lone Star Package Car* cases dealt with interpretation of the general venue statutes[3] and that the language in the National Bank Act which includes "actions or proceedings" is somehow broader in scope than "civil action." Even if that language is so read, it is clearly not the effect of that statute to extend venue considerations into areas in which venue has no application. It has been held that the National Bank Act provision has no application to transfers in Multidistrict Litigation, which would clearly be encompassed by the term "proceedings." *In re Pittsburgh & Lake Erie R. Co. Securities and Antitrust Litigation,* 374 F. Supp. 1404 (Jud. Pan. Mult. Lit. 1974); *In re Great Western Ranches Litigation,* 369 F. Supp. 1406 (Jud. Pan. Mult. Lit. 1974).

▆ After a review of the relevant authorities and the policies underlying the statutes and rules in question it is the determination of this court that the moving third-party defendant, Seattle First National Bank, is not entitled to a change of venue. The motion to dismiss or to transfer venue is therefore denied.

[3] The Bank has also filed a motion for a more definite statement pursuant to Rule 12(e), Fed. R. Civ. P. The intention of the Bank is to obtain a clearer

---

3. 28 U.S.C. § 1391, and its predecessor Judicial Code, § 51.

statement of the jurisdictional claims made by the third-party plaintiff. The majority of cases have held that it is improper to use a 12(e) motion to prepare for a motion to dismiss. *Leon v. Hotel Club Employees Union Local 6*, 26 F.R.D. 158 (S.D.N.Y. 1960). It is also clear that the rule is "designed to strike at unintelligibility rather than want of detail." 2A J. Moore, *Federal Practice* ¶ 12.18, at 2389 (1974). The motion for a more definite statement is likewise denied.

So ordered.