CHIASSON, Judge.
This is a motion to dismiss an appeal from an interlocutory judgment granting a declinatory exception of improper venue and transferring the case from Lafourche to Jefferson Parish. Article 2083 of the Code of Civil Procedure provides that appeals may be taken from final judgments or from interlocutory judgments which may cause irreparable injury. Judgments maintaining exceptions of improper venue have been classified as interlocutory in nature.[1] However, our courts have permitted appeals from such interlocutory judgments when there was a reasonable chance of irreparable injury being caused thereby.[2]
The question presented is whether there is a reasonable chance of irreparable injury to this plaintiff by the change of venue order. Under La.R.S. 9:5801 when a petition is filed in an improper venue, prescription is interrupted as of the date of service of process upon the defendant and not upon the date of the filing of the petition.
Plaintiff-appellant, Glazer Steel Corporation, argues if the case is left in its original venue, plaintiff’s claim against the defendant-appellee, George Engine Company, Inc., is timely, whereas if the case is transferred to a different venue because of the prescription statute, part of plaintiff’s claim is not timely. As we appreciate the plaintiff’s argument the very existence of his total claim rests on the correctness of his choice of venue. We find that there is the potential for irreparable injury to the plaintiff in this case and believe that the interests of justice are best served by allowing plaintiff his appeal from this interlocutory judgment which may cause irreparable injury.
For these reasons the motion to dismiss is denied at mover’s costs.
MOTION DENIED.

. and

. See McGowan v. Gomez, 254 So.2d 307 (La.App. 4th Cir. 1971) and cases cited therein.