Thomas **PETRIZZO**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant,**

v.

The **FIRST PENNSYLVANIA BANKING AND TRUST CO.,** (a/k/a First Pennsylvania Bank, N. A.), **Defendant on Counterclaim.**

**Civ. No. 79–2040.**

United States District Court,
D. New Jersey.

June 4, 1980.

Robinson, Wayne & Greenberg by John B. Livelli, Newark, N. J., for plaintiff.

Allen R. Mass, Tax Div. Dept. of Justice, Washington, D. C., for defendant.

Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney by Lawrence T. Neher, Newark, N. J., and Saul, Ewing, Remick & Saul, Philadelphia, Pa., for defendant on counterclaim.

## OPINION

SAROKIN, District Judge.

### INTRODUCTION

Section 94 of the National Bank Act, 12 U.S.C. § 94, should be repealed or the appellate courts should reconsider the constitutionality thereof. In essence, the provision requires that a national bank may be sued only in the district or county where they are established; *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963) and, therefore, where it has been chartered and has its principal place of business. Whatever justification existed for the original enactment no longer exists today. In 1889, the Supreme Court declared in *First National Bank v. Morgan*, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889) that the National Bank Act was designed for the convenience of those banking institutions and "to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts".

Before the issue of venue can be raised, the bank must be subject to the jurisdiction of the court in which the action was instituted. Minimum contacts are required in accordance with the standards enunciated in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In most instances, a bank is active in another state through the establishment of branches therein. Therefore, the considerations of inconvenience and interruption are not relevant. Furthermore, records are now easily copied and transferrable and most banks utilize computerized systems. But, in any event, the questions remain: (1) why should a national bank receive preferred treatment over any other major corporation or partnership which must defend itself in any jurisdiction where it has voluntarily elected to do business; and (2) why should a person living in California and doing business with a New York bank in California be required to sue that bank in New York?

The mere age of § 94 of the National Bank Act should not insulate it from review by Congress and the courts. Mr. Justice Holmes in *Collected Legal Papers* (1920) offers astute advice on the subject:

> It is revolting to have no better reason for a rule of law than that it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.

Having thus vented its views on the statute in question, the Court considers the subject case.

\*   \*   \*   \*   \*   \*

Plaintiff, Thomas Petrizzo (Petrizzo), instituted this action against defendant, United States, pursuant to 28 U.S.C. § 1346(a)(1) for the recovery of taxes and interest, alleged to have been erroneously or illegally assessed or collected from the plaintiff. Subsequently, a counterclaim was filed against the plaintiff and First Pennsylvania Banking and Trust Co. (First Pennsylvania) in which the United States seeks a judgment for a tax assessment comprising the unpaid portion of a penalty assessment against plaintiff, Thomas Petrizzo.[1] In the instant proceeding, First Pennsylvania moves to dismiss the counterclaim for improper venue pursuant to *Fed.R.Civ.P.* 12(b)(3) and 28 U.S.C. § 1406. In support of its motion, First Pennsylvania contends that venue in an action against a national bank is limited by federal law to the district in which the bank is established according to § 94 of the National Bank Act. Plaintiff Petrizzo urges this Court to find that First Pennsylvania may be sued in New Jersey since it has waived the venue requirement by doing business in New Jersey.

The first issue before the Court is whether § 94 venue requirements should be applied where the Bank is named a defendant by a virtue of counterclaim.

---

1. In September 1977, a delegate of the Secretary of the Treasury made an assessment in the amount of $38,971.38 against Thomas Petrizzo as a responsible person who failed to collect and pay over withholding and FICA taxes of certain corporations.

Section 94 of the National Bank Act provides:

> Actions and proceedings against any association under this Chapter may be had in any district or territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

12 U.S.C. § 94. As previously stated, the purpose of the provision enunciated by the Supreme Court shortly after the statute was passed in *First Nat'l Bank of Charlotte v. Morgan, supra* 132 U.S. at 145, 10 S.Ct. at 38–39, was "to prevent interruption in [the bank's] business that might result from their books being sent to distant counties in obedience to process from state court." However, in modern times, commentators[2] have noted the venue provision is obsolete due to fundamental changes in the banking business and in the field of communications.[3] As a result, the lower courts have attempted to carve out various exceptions to the Act.[4]

The defendant, United States, contends that change of venue in third-party proceedings would be erroneous. Such a restriction would result in a multiplicity of suits where the claims could be decided more easily in one proceeding. The circuit

courts of appeals are divided on this issue.[5] This Court agrees with the defendant, United States, that § 94 does not apply to the third-party proceedings in this action.

The two leading cases in support of this proposition are *Odette v. Shearson, Hammill & Co.*, 394 F.Supp. 946 (S.D.N.Y.1975) and *Jones v. Kreminski*, 404 F.Supp. 667 (D.Conn.1975). In *Odette*, the district court held that if venue is properly laid in the principal action, a third-party defendant impleaded under Rule 14(a) may not successfully raise the defense that venue would be improper in an original action by the third-party plaintiff against the third-party defendant. The court based its decision in part on the fact that a change of venue would frustrate the purpose of the Federal Rules to "simplify and expedite procedure." *Id.* at 951.

In *Jones v. Kreminski, supra*, the district court held that "the facts and policies which compelled and justified the preference given to a national bank when the action against it was brought by an original plaintiff cannot be applied when the suit is brought by a person who is himself a defendant in the action." *Id.* at 668–69. The Court also stated that it was opposed to the multiplicity of suits which would result from the application of the venue provision in third-party proceedings.

---

**2.** *See, e. g.,* Z. Hicks, *Banking and Venue: Fitting the Horse and Buggy Statute to a Supersonic Age*, 29 Mercer L.Rev. 797 (1978); M. Steinberg, *Waiver of Venue Under the National Bank Act: Preferential Treatment for National Banks*, 62 Iowa L.Rev. 129 (1978); Note, *Venue Provision of the National Banking Act*, 23 Wis. L.Rev. 606 (1976).

**3.** In *Citizens & Southern Nat'l Bank v. Bougas*, 434 U.S. 35, 39, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977) the Supreme Court acknowledged the current wave of criticism regarding the venue provision of the National Bank Act. The Court, however, declined to rule upon the federal aspects of venue. The *Bougas* decision provided that venue for a suit against a national bank brought in a state court need not be in the county where the bank's charter was issued but may be in the county in which the bank conducts its business at an authorized branch. *Id.* at 35, 98 S.Ct. at 88.

**4.** *See, e. g., Lapinsohn v. Lewis Charles, Inc.*, 212 Pa.Super. 185, 193, 240 A.2d 90, 95 (1968) (waiver by operation of a branch); *Michigan Nat'l Bank v. Superior Court*, 23 Cal.App.3d 1, 99 Cal.Rptr. 823 (1972) (waiver by doing business); *Exchange Nat'l Bank v. Abramson*, 45 F.R.D. 97 (D.Minn.1968) (counterclaims); *In Re Pittsburgh & Lake Erie R. Co. Securities and Antitrust Litigation*, 374 F.Supp. 1404 (Jud.Pan. Mult.Lit.1974) (multi-district litigation).

**5.** Some cases demand that § 94 venue requirements are applicable despite third-party proceedings. *See, e. g., Swiss Israel Trade Bank v. Mobely*, 319 F.Supp. 374 (S.D.Ga.1970); *Southeast Guaranty Trust Co. v. Rodman & Renshaw, Inc.*, 358 F.Supp. 1001 (N.D.Ill.1973). Other cases have determined that § 94 is not applicable to those actions. *See, e. g., Odette v. Shearson, Hammill & Co.*, 394 F.Supp. 946 (S.D.N.Y.1975); *Jones v. Kreminski*, 404 F.Supp. 667 (D.Conn.1975), *appeal dismissed*, 603 F.2d 213 (2d Cir. 1979).

In the instant case, the defendant, United States, has joined the First National Bank as a defendant in a counterclaim. The line of cases cited above involve third-party proceedings in which the banks have been impleaded under *Fed.R.Civ.P.* 14(a). This Court does not find the distinction to be a valid one which would preclude this Court from following those decisions. In both instances, the result of the application of the banking venue provision would be to effect a multiplicity of suits which could be easily avoided.

This Court finds that since the third-party action is not an "original" action, but is ancillary to the original action, the venue requirements of the banking act are not applicable. Indeed, Professor Moore has stated:

> Where, it is necessary to make the distinction, we believe that it should be treated for what it is: a claim growing out of the main proceeding: that it does not involve a plenary (original) action (as some actions do that involve ancillary jurisdiction); and that the venue statutes which are designed to govern an original action are not applicable. With a few exceptions, especially in the earlier decisions, the weight of authority supports the view herein advocated: the third-party defendant has no objection based upon venue.

3 *Moore's Federal Practice,* ¶ 14.28[2]. See *Odette v. Shearson, Hammill & Co., Inc.,* 394 F.Supp. 946 (S.D.N.Y.1975); *Jones v. Kreminski,* 404 F.Supp. 667 (D.Conn.1975); *First Nat'l Bank of Minneapolis v. White,* 420 F.Supp. 1331 (D.Minn.1976). In this action, plaintiff Petrizzo is suing for a tax refund from the defendant, United States. The United States is, in turn, suing the plaintiff for other monies which the Government believes is owed by the plaintiff or by the defendant on the counterclaim, First National Bank of Pennsylvania. The counterclaim by the United States asserted against both the plaintiff and the defendant on the counterclaim, First National Bank is an ancillary proceeding. On that basis, the Bank will not be permitted to expand the reach of the § 94 venue provision. This Court cannot justify application of a statute in this situation where to do so would result in multiplicity of litigation, possible inconsistency of results and greater inconvenience to the parties. To require a bank located in Pennsylvania to litigate a matter in New Jersey causes it no great inconvenience.

Alternatively, the plaintiff Petrizzo has urged this Court to deny First National Bank of Pennsylvania's motion to dismiss for improper venue on the basis of a waiver. This Court finds it is unnecessary to reach this issue.

It is therefore ORDERED that the motion of First National Bank of Pennsylvania for a change of venue as against it is hereby denied.