CHIASSON, Judge.
Defendant-relator, Charity Hospital of Louisiana at New Orleans, has sought supervisory writs from this court to review the ruling of the trial court overruling its exception of improper venue. We granted the writ to review the entire matter and find the ruling to be in error and therefore issue a writ of mandamus ordering the trial court to transfer the case, Docket No. 14,-383, to the court of proper venue or to dismiss the suit without prejudice.
A review of the proceedings to date reveals that plaintiffs, Donald Ray James, Sr. and his wife, Cynthia Asberry James, filed suit on October 9, 1979, in the Eighteenth Judicial District Court in Iberville Parish seeking damages for the wrongful death of their infant child. Named as defendants in the suit were Charity Hospital of Louisiana at New Orleans and an unnamed manufacturer of a heating lamp.
*623 The petition alleges that the defendant, through its employees, allowed the heating lamp to remain on resulting in third degree burns to the three month old child’s abdomen and small intestines. The child died on October 9, 1978, as a result of the incident. Plaintiff alleges that the jurisdiction and venue of the Eighteenth Judicial District Court is based on La.R.S. 46:759 and La.C. C.P. art. 43.
Defendant-Charity filed exceptions of improper venue and nonjoinder of a necessary party. On November 5, 1980, the trial court without assigning written reasons denied the exception of improper venue but sustained the exception of nonjoinder of a necessary party.
Relator-Charity applied for and obtained both a devolutive appeal and a writ of certiorari from the judgment denying the exception of improper venue. The appeal is now lodged in this Court and will be considered along with the writ application since the issues involved are identical.
We will consider defendant’s appeal first. Appeals may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. La.C.C.P. art. 2083. Thibaut v. Thibaut, 346 So.2d 809 (La.App. 1st Cir. 1977). A judgment of the trial court overruling an exception of improper venue is an interlocutory judgment. Glazer Steel Corp. v. Larose Shipyard, Inc., 368 So.2d 205 (La.App. 1st Cir. 1979). Because there has been no showing of irreparable injury in this case, we will dismiss defendant’s appeal, Docket No. 14,393, ex proprio mota. La.C.C.P. art. 2162; Bunkie Bank & Trust v. Avoyelles Parish Pol., 347 So.2d 1305 (La.App. 1st [3rd] Cir. 1977).
Our next consideration is the defendant’s writ application. The issue in this case revolves around whether La.R.S. 46:759 provides an additional parish of venue where Charity Hospital can be sued or whether its intended purpose is a waiver of sovereign immunity of Charity Hospital.
The pertinent provisions of La.R.S. 46:759 and of La.C.C.P. art. 43 read as follows:
La.R.S. 46:759:
“The Charity Hospital of Louisiana at New Orleans may sue and be sued, in all affairs and actions whatever, before any of the courts of the state.”
La.C.C.P. art. 43:
“The general rule of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 83 and otherwise provided by law.”
Plaintiffs contend that the phrase “before any court of this state” is the phrase that needs to be construed instead of “may sue and be sued.” They contend that La.C. C.P. article 43 allows exceptions to the general venue provisions and that La.R.S. 46:759 is such an exception.
Defendant argues that the intent of the legislature when passing the statute was to waive the sovereign immunity that had prevented individuals from suing Charity Hospital. It avers that the case of White v. Charity Hospital of La. in New Orleans, 239 So.2d 385 (La.App. 4th Cir. 1970) is controlling in this instance.
We agree with defendant’s argument that the sole purpose of the statute was to waive the sovereign immunity of Charity Hospital and that the statute does not constitute an exception to the general venue provisions. Iberville Parish is thus not the proper venue for this action. (See La.C. C.P. articles 42, 73, and 74).
For the reasons assigned, the appeal of defendant in Docket No. 14,393 is hereby dismissed. A writ of mandamus in writ application, Docket No. 14,383, is hereby ordered directing the trial court to sustain the exception of improper venue and to either transfer the case to the proper venue or dismiss the suit in accordance with La.C. C.P. article 121.
APPEAL DISMISSED, WRIT OF MANDAMUS ORDERED.