EDWARDS, Judge.
The facts involved in this case were set out in our opinion in State ex rel. Guste v. Estate of Himbert, et al., 327 So.2d 698 (La.App. 1st Cir. 1976), at page 699:
“Numa Paul Himbert was Auditor of the Louisiana Department of Highways from January 2, 1942, through February 16, 1965. It is alleged that, during the period from June 1, 1960, to March 1, 1966, he conspired with Ezekiel W. Gravo-let, Jr. and Christian Faser, Jr. to devise a scheme to defraud the State of Louisiana for private financial gain.
“Under that scheme, Mr. Gravolet, then a State Senator, entered into a contract of employment with the First National Bank of Jefferson Parish to solicit depositors for the Bank. For this service, he was to receive payments not to exceed one per cent of the average monthly balance of such deposits. Thereafter, pursuant to a directive from Mr. Faser, then Executive Secretary to the Governor, Mr. Himbert, in his official capacity, transferred various Highway Deaprtment funds to the First National Bank, which were deposited in non-interest bearing accounts. Eventually, these funds to-talled $23,000,000.00.
“Payments of $491,033.38 were made to Mr. Gravolet, and were deposited in the accounts of three public relations corporations set up by him. From the accounts of these corporations, payments totalling $94,480.00 were made to Mr. and Mrs. Himbert.”
The State of Louisiana filed this suit against the heirs of Numa Paul Himbert, seeking to recover $94,840.00 which was allegedly wrongfully obtained by Mr. Him-bert. After remand from the previous appeal, the State amended and supplemented its petition to add additional defendants and to seek also the amounts that they had received as a result of the alleged illegal scheme. The State alleged that the illegal scheme was carried- out by various writings, financial records, checks and the like issued by the coconspirators. In November of 1980, the State filed a request for admission of genuineness of documents in which it requested that defendants admit the genuineness and authenticity of 2,029 documents. In response to the request for admission, a number of defendants alleged that they were without sufficient information to either admit or deny the genuineness of the documents. They also contended that, because of the large number of documents involved, plaintiffs request was unduly burdensome. Defendants sought a protective order relieving them from the duty of responding. Two defendants filed untimely responses to the State’s request. Another defendant failed to respond at all.
The trial court considered defendants’ motions for a protective order and plaintiff’s motion to compel responses on September 30, 1980. The trial court denied plaintiff’s motion to compel and granted the defense motions relieving all defendants from the duty of responding.
Plaintiff appealed the ruling of the district court. Plaintiff obtained an order from the trial court entitled: “EX PARTE ORDER OF DEVOLUTIVE APPEAL AND SETTING OF RETURN DAY FOR SAID APPEAL OR, IN THE ALTERNATIVE, FOR THE TREATMENT OF THIS APPEAL BY THE COURT OF APPEAL AS AN APPLICATION FOR WRITS OF CERTIORARI, PROHIBITION, MANDAMUS, RULE NISI, AND ALL OTHER SUPERVISORY REMEDIES.” The trial court’s order set December 11, 1981, as a return date for plaintiff’s appeal or, in the alternative, “for treatment of this appeal by such Court of Appeal as an application for writs of certiorari, prohibition, mandamus, rule nisi, and all other supervisory remedies.”
This court, ex proprio motu, issued an order requiring plaintiff to show cause why its appeal should not be dismissed on the ground that there is no right of appeal. In *287 response to the show cause order the State has filed a brief in support of its right to maintain the appeal. Alternatively, the State seeks to have the appeal treated as a writ application.
RIGHT TO APPEAL
Louisiana Code of Civil Procedure art. 2083 limits the types of judgments which may be appealed. LSA-C.C.P. art. 2083 provides as follows:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The ruling of the trial court in this case is not a final judgment. See LSA-C.C.P. art. 1841. Therefore, in order for plaintiff’s appeal to be maintained the trial court’s ruling must be “an interlocutory judgment which may cause irreparable injury.”
The State’s brief alleges that irreparable injury will result from the trial judge’s ruling but fails to detail that alleged injury with any particularity. Because there has been no showing of irreparable injury in this case, we will dismiss plaintiff’s appeal. James v. Charity Hospital of La. at New Orleans, 398 So.2d 622 (La.App. 1st Cir. 1981).
PLAINTIFF’S APPLICATION FOR WRITS
In its show cause brief the State seeks to have its appeal treated, in the alternative, as an application for writs. We decline to do so, however, because the State has failed to comply with the requirements of Rule XII, Section 4 of the Court of Appeal Uniform Rules relative to applications for remedial writs.
For the foregoing reasons, the plaintiff’s appeal is dismissed. Costs of this appeal, in the amount of $1,158.77, are to be paid by plaintiff.
APPEAL DISMISSED.