LANIER, Judge.
This is a supervisory writ granted to review the judgment of the trial court overruling an exception of improper venue. Suit was originally filed by the plaintiffs to secure from Franks Petroleum, Inc. interest and attorney’s fees as penalties, in accordance with La.R.S. 31:133 et seq., for failure to timely pay royalties for mineral production pursuant to a mineral lease covering certain lands in St. Mary Parish, Louisiana. Plaintiffs filed a supplemental and amending petition seeking, in addition to interest and attorney’s fees, damages equal to double the amount of royalties past due and dissolution of the mineral lease. Franks Petroleum, Inc. answered the petition and filed a third party demand against Scurlock Oil Company for indemnification of all judgments rendered against it. Scurlock Oil Company answered the third party demand of Franks Petroleum, Inc. and filed a third party demand against the Fidelity National Bank of Baton Rouge (hereinafter referred to as Fidelity) for all sums for which it may be cast in judgment. Fidelity filed a declinatory exception of improper venue alleging that it was a fully chartered national banking corporation domiciled in the Parish of East Baton Rouge, Louisiana, that pursuant to the provisions of 12 U.S.C. § 94 of the National Bank Act, it could only be sued in East Baton Rouge Parish and that the Parish of St. Mary was an improper venue for the third party demand. The trial judge overruled this exception and Fidelity sought this supervisory writ.
A judgment overruling an exception of venue is interlocutory. Article 1841, Louisiana Code of Civil Procedure; James v. Charity Hospital of Louisiana at New Orleans, 398 So.2d 622 (La.App. 1st Cir. 1981). An interlocutory judgment is only appealable if it may cause irreparable injury. Article 2083, Louisiana Code of Civil *505 Procedure; Glazer Steel Corporation v. Larose Shipyard, Inc., 368 So.2d 205 (La.App. 1st Cir. 1979); Thibaut v. Thibaut, 346 So.2d 809 (La.App. 1st Cir. 1977). In Her-litz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981), the Louisiana Supreme Court observed as follows in footnote 1:
“To reason that there is no irreparable injury is to decide that relator has no right to appeal under C.C.P. art 2083. (In that context irreparable injury occurs if any error in the ruling cannot as a practical matter be corrected on appeal. For example, once the trial court overrules an exception to the venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal.) ...” (Emphasis Added).
Because of this observation by the Louisiana Supreme Court, we exercised our discretion and granted this writ to determine whether or not the venue was proper for the third party demand against Fidelity.
12 U.S.C. § 94 provides as follows:
“Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases." (Emphasis Added).
The Supreme Court of the United States has found that this statute indicates that Congress was concerned with the unnecessary interruption of a national bank’s business that might result from compelled production of bank records for distant litigation and this section, despite the presence of what might be regarded as permissive language, is not permissive but mandatory, and therefore, a national bank may be sued as an original defendant only in a state court in the county (parish) where the bank is located. Citizens and Southern National Bank v. Bougas, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (Ga.1977). This line of jurisprudence has recognized two exceptions to the rule as it applies to the principal action. The first is that of waiver where the bank, as plaintiff, institutes a proceeding outside its home district against a defendant, or where the bank has failed to raise the objection timely. Kellogg Company v. First National Bank of Louisville, 512 F.Supp. 56 (W.D.Mich.1981); First National Bank of Minneapolis v. White, 420 F.Supp. 1331 (D.C.Minn.1976). The second is where the action is an in rem or “local” action as opposed to an in personam or “transitory” action. National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc., 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976); Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52 (1880); Chateau Lafayette Apartments, Inc. v. Meadow Brook National Bank, 416 F.2d 301 (5th Cir. 1969); Moreland v. Rucker Pharmacal Company, 59 F.R.D. 537 (W.D.La.1973); Security First National Bank v. Tattersall, 311 So.2d 218 (La.1975). In Chateau Lafayette Apartments, Inc. v. Meadow Brook National Bank, supra, it was held that where the principal purpose of a suit against a national bank was to cancel a mortgage on immovable property and erase it from the public records, the action was “local” and not “personal” and that the venue requirements of § 94 of the National Bank Act were not applicable. At page 304 of the Federal Reporter in that case appears the following:
“Article 80 of the Louisiana Code of Civil Procedure establishes mandatory venue for ‘an action to assert an interest in immovable property, or a right in, to, or against immovable property.’ Such an action ‘shall be brought in the parish where the immovable property is situated.’ While we are able to find no Louisiana decisions directly in point, we have little doubt that the action here, which by virtue of the amended complaint, seeks in major part to have a mortgage on immovable property in part ‘cancelled and erased from the public records of Lafayette Parish,’ and seeks to have ‘the mortgage * * * ordered reformed,’ is an *506 action ‘to assert an interest in immovable property, or a right in, to, or against immovable property’; hence, the action could be brought in but one Parish, and, in this diversity case, that would be the Lafayette Division of the District Court. “Moreover, the effect of the remedy sought in Casey and the one claimed here virtually were the same. In Casey, complete cancellation and erasure of secured mortgages on immovable property was sought; here, although the action arose under circumstances not exactly the same as those in Casey, total or partial cancellation, reformation, and erasure of a mortgage on immovable local property is sought.” (Footnote Omitted).
The principal purpose of the instant case is to seek statutory penalties and termination of a mineral lease pursuant to La.R.S. 31:133 et seq. for violation of the lease’s royalty payment provisions. A mineral right is an incorporeal immovable whose situs is the parish or parishes in which the land burdened with it is located. La.R.S. 31:18. A mineral right is a real right and a mineral lease is one form of a mineral right. La.R.S. 31:16. Since this is a suit to cancel an immovable right (mineral lease) and to seek statutory penalties and damages for violation of an immovable right (mineral lease) this action can only “be brought in the parish where the immovable property is situated. . .. ” Article 80 of the Louisiana Code of Civil Procedure.
In Casey v. Adams, supra, at page 68 of the United States Reporter appears the following:
“... Local actions are in the nature of suits in rem, and are to be prosecuted where the thing on which they are founded is situated. To give the act of Congress the construction now contended for would be in effect to declare that a national bank could not be sued at all in a local action where the thing about which the suit was brought was not in the judicial district of the United States within which the bank was located. Such a result could never have, been contemplated by Congress.”
Accordingly, it is our opinion that the principal action in this case is a “local” proceeding and is not subject to the venue provisions of § 94 of the National Bank Act.
The fact that the third party demand against Fidelity is for indemnification and is incidental to the principal demand does not defeat venue. In Petrizzo v. United States, 492 F.Supp. 752 (D.N.J.1980) at page 755 of the Federal Supplement appears the following:
“This Court finds that since the third-party action is not an ‘original’ action, but is ancillary to the original action, the venue requirements of the banking act are not applicable. Indeed, Professor Moore has stated:
Where, it is necessary to make the distinction, we believe that it should be treated for what it is: a claim growing out of the main proceeding: that it does not involve a plenary (original) action (as some actions do that involve ancillary jurisdiction); and that the venue statutes which are designed to govern an original action are not applicable. With a few exceptions, especially in the earlier decisions, the weight of authority supports the view herein advocated: the third-party defendant has no objection based upon venue.
“3 Moore’s Federal Practice, ¶ 14.28[2]. See Odette v. Shearson, Hammili & Co., Inc., 394 F.Supp. 946 (S.D.N.Y.1975); Jones v. Kreminski, 404 F.Supp. 667 (D.Conn.1975); First Nat’l Bank of Minneapolis v. White, 420 F.Supp. 1331 (D.Minn.1976)....”
See also Herndon v. Herndon, 491 F.Supp. 53 (W.D.Tex.1980). CONTRA: Southeast Guaranty Trust Co., Ltd. v. Rodman & Renshaw, Inc., 358 F.Supp. 1001 (N.D.Ill.1973); Swiss Israel Trade Bank v. Mobley, 319 F.Supp. 374 (S.D.Ga.1970). The case of Security First National Bank v. Tattersall, supra, involved a subpoena duces tecum issued to a national bank in a “personal” action and did not involve a third party demand in a “local” action.
We believe that the majority view in the federal system concerning the applicability *507 of § 94 to third party demands is the better view and is adopted by this Court. If § 94 is applied to third party demands, the result is multiple litigation and, thus, reduced judicial economy. It is basically unfair to require an original defendant, who has generally no choice over venue, to defend a suit in one jurisdiction and simultaneously prosecute a third party claim in the same matter in another jurisdiction. While certainly the power to repeal or modify § 94 is reserved to Congress, the courts should not extend application of this archaic statute to situations not clearly contemplated or specified.
Por the foregoing reasons, it is our opinion that the judgment of the trial court is correct and it is affirmed. The stay order previously entered herein is dissolved. Fidelity is cast for all costs of this writ.
AFFIRMED.