SUPER VALU STORES, INC., Plaintiff,

v.

WESTERN FILM SERVICE CORPORATION et al., Defendants.

No. 3–76–Civ–33.

United States District Court,
D. Minnesota,
Third Division.

Aug. 5, 1976.

Peter Dorsey, David A. Ranheim, and Edward J. Pluimer, Dorsey, Windhorst, Hanaford, Whitney & Halladay, Minneapolis, Minn., for plaintiff.

Rodger L. Nordbye, Gordon G. Busdicker and Gordon B. Conn, Jr., Faegre & Benson, Minneapolis, Minn., for defendant First Nat. Bank and Trust Co.

Samuel L. Hanson, Briggs & Morgan, St. Paul, Minn., for defendant Western Film Service Corp.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

The primary issue to be resolved at this stage of this lawsuit is must venue, in a statutory interpleader action in which one of the claimants is a National Banking Association, be laid in the district where that association is established.

Plaintiff Super Valu Stores, Inc. has filed this action seeking a judicial determination of the rights of a number of claimants, including itself, to a fund of over $100,000. The court has jurisdiction. 28 U.S.C. § 1335. Claimant First National Bank and Trust Company of Billings, Montana has moved for:

> (1) dismissal or transfer to the district of Montana of this action, pursuant to 28 U.S.C. § 1406(a); or

> (2) transfer to the district of Montana for the convenience of parties and witnesses, in the interest of justice pursuant to 28 U.S.C. § 1404.

The venue provision of the National Bank Act, 12 U.S.C. § 94, provides that:

> Actions and proceedings against any [National Banking Association] may be had in any district . . . court of the United States held within the district in which such association may be established . . . .

The bank contends that because it is established in the district of Montana, not in this district, venue is improper and that the court must, according to § 1406(a), either dismiss or transfer the case to the district of Montana. Super Valu counters by arguing that because the bank is a claimant in a statutory interpleader action, this lawsuit is not an "[a]ction [or] proceeding *against* [an] association" and that therefore, the interpleader venue provision, 28 U.S.C. § 1397, governs. That section allows "[a]ny civil action of interpleader or in the nature of interpleader . . . [to] be brought in the judicial district in which one or more of the claimants reside." Since a number of the claimants reside in Minnesota, Super Valu claims venue in this district is proper.

While plaintiff's argument that this is not really an action against the bank is appealing, the court nevertheless concludes that § 94 is applicable and therefore, pursu-

ant to § 1406(a) transfers this case to the district of Montana.

The research conducted by the parties and the court has not unearthed any court decisions which have dealt with the venue problem when a national banking association is a claimant in a statutory interpleader action. However, recently the Supreme Court examined the relationship between § 94 and the venue provision of the Securities Exchange Act, 15 U.S.C. § 78aa. In *Radzanower v. Touche Ross & Co.,* —— U.S. ——, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976), the Court held that, despite § 78aa which provides that "[a]ny suit or action to enforce any liability or duty created [by or under the Securities Exchange Act] . . may be brought in any such district [wherein any act or transaction constituting the violation occurred]," in a suit against a national banking association in which violations of the securities laws are alleged, venue was proper only in the district in which the bank was established. The analysis employed by the Court to reach this holding is helpful in resolving the apparent conflict between §§ 94 and 1397. First, the Court relied on a "Basic principle of statutory construction that a statute dealing with a narrow, precise and specific subject is not submerged by a later-enacted statute covering a more generalized spectrum." *Id.* at 1992–93. The Court recognized that § 94 was a "narrow venue" provision, enacted to deal with "the particularized problems of national banks that might be sued in the state or federal courts," while § 78aa was "a general venue provision applicable to the broad universe of potential defendants subject to the prohibitions of [the Securities Exchange Act]." *Id.* at 1993. Therefore, the Court reasoned, "unless a 'clear intention otherwise' can be discerned, . . . the specific venue provisions of § 94 are applicable . . . ." *Id.*

■ It is clear that § 1397 is a broad venue provision, "applicable to the broad universe" of potential claimants in an interpleader action, and thus, unless the intent of the Congress to modify § 94 is clear, the narrow, specific provision must be given effect. There is nothing in § 1397 or in its legislative history which indicates that the Congress expressly modified § 94. Nevertheless, a statute may be repealed or modified by implication by the enactment of a subsequent statute if:

(1) . . . provisions in the two acts are in irreconcilable conflict . . . ; and

(2) . . . the later act covers the whole subject of the earlier one and is clearly intended as a substitute . . . *Id.*

■ Sections 94 and 1397 are not in irreconcilable conflict under the facts presented here. The former gives all national banking associations the option of being sued in the district in which they are established while the latter allows a stakesholder to file an interpleader action in any district in which one or more claimants reside. Clearly if Super Valu had initiated this lawsuit in Montana, both venue provisions would have been satisfied and, as the Court said in *Radzanower,* " 'when two statutes are capable of co-existence, it is the duty of the courts . . . to regard each as effective.' " *Id.* at 1994, quoting from *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). In this case, the basic purpose of the interpleader statute—bringing into one court all claimants to a particular fund so that the fund may be equitably divided, *Farmers Elevator Mutual Insurance Co. v. Jewett,* 394 F.2d 896 (10th Cir. 1968)—will be well served by giving full effect to § 94. On the other hand, the purpose of § 94—preventing disruption in a bank's business which would result if its books and records had to be sent to foreign districts, *First National Bank of Charlotte v. Morgan,* 132 U.S. 141, 145, 10 S.Ct. 37, 33 L.Ed. 282 (1889)—would be frustrated if the bank had to prove its claim in this district.

In addition, it is clear that the interpleader statute does not cover the "whole subject" of the National Bank Act.

For these reasons, it is impossible to conclude that § 94 was partially repealed or

modified by implication by the subsequent enactment of § 1397.

██ In conclusion, venue in this statutory interpleader action is not properly laid in the district of Minnesota and, pursuant to the authority of § 1406(a), the court transfers this lawsuit to the district of Montana. Because the court concludes that transfer is mandated by § 94, it is not necessary to discuss the bank's motion, joined by defendant Western Film Service Corporation, to transfer under § 1404(a).

IT IS ORDERED that the motion of First National Bank and Trust Company to transfer this lawsuit to the district of Montana is

GRANTED.