OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether section 94 of title 12 of the United States Code, which permits actions and proceedings to be brought against national banks only in courts of the county or district in which they are located, mandates dis *511 missal of a third-party action against such a bank where it is brought in a jurisdiction other than specified by the statute.
Lazarow, Rettig & Sundel (Lazarow) is a New York City law firm. Through Castle Capital Corp. (Castle) as broker Lazarow purchased an interest in a limited partnership organized around an oil and gas drilling venture in Oklahoma. That investment was part of a sophisticated tax shelter scheme intended to benefit Lazarow clients. The success of the tax shelter plan depended on obtaining a special financing known as a "Carved Out Production Payment” (COPP) loan.
Fidelity Bank, N. A., of Oklahoma City, Oklahoma, through its president Grady D. Harris, now deceased, is alleged to have agreed to make the COPP loan. Castle guaranteed an agreement under which Lazarow’s investment was to be bought back if the required COPP loan was not obtained.
After the Internal Revenue Service disallowed the expected tax deductions on the ground that the transaction was a sham, Lazarow sued Capital in New York on its buy-back guarantee. Capital then filed a third-party complaint against Fidelity and the estate of Grady D. Harris, for which Fidelity is executor, alleging conspiracy to defraud. This appeal relates to that third-party action.
Section 94 of title 12 of the United States Code, part of the National Bank Act, provides as follows: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases.”
On motion of Fidelity the trial court dismissed the third-party complaint against it and the estate of Grady D. Harris, on the ground that, by virtue of section 94 of title 12 of the United States Code, it lacked subject matter jurisdiction.
The Appellate Division modified, concluding, in part, that section 94 of title 12 of the United States Code did not preclude the New York courts from maintaining jurisdiction over Fidelity and the Harris estate in the context of a third-party action. Fidelity and the Harris estate now appeal on a question certified to this court by the Appellate Division: "Was the order of this Court properly made to the extent it modified the order of Special Term entered on December 28, 1977 and *512 thereupon denied the motions of Fidelity Bank, N.A. and Estate of Grady D. Harris that those parties had made on the ground of lack of jurisdiction over them under the National Bank Act, 12 U.S.C. § 94?”
The rule that a national bank may only be sued in the district or county in which it is established was "prescribed for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts” (Charlotte Nat. Bank v Morgan, 132 US 141, 145).
The reasons which prompted the rule may have passed but the rigor of its application has not. Indeed, as was observed by the United States Supreme Court: "All of the cases in this Court which have touched upon the issue here are in accord with our conclusion that national banks may be sued only in those state courts in the county where the banks are located” (Mercantile Nat. Bank v Langdeau, 371 US 555, 561). The rule "must be given [its] mandatory reading,” (id., at p 562; see, also, Radzanower v Touche Ross & Co., 426 US 148, 153; National Bank v Associates of Obstetrics, 425 US 460, 462).
Over the years the United States Supreme Court has allowed only two types of exceptions to the general statutory rule: actions which are purely "local” (i.e., in rem actions, Casey v Adams, 102 US 66, 67), and those in which the bank has either consented to be sued (National Bank v Associates of Obstetrics, supra), or has waived the privilege by a failure to assert it (Charlotte Nat. Bank v Morgan, 132 US 141, supra).
On this appeal those seeking to sue the bank in this State do not rely on those exceptions and contend: (1) that section 94 of title 12 of the United States Code is merely a venue statute, rather than jurisdictional, (2) that no Supreme Court case has applied this "antiquated” statute to a third-party action and hence the question presented here remains open, and (3) that precedent, legislative intent, the principle of ancillary venue "and common sense” require that its application be limited to direct actions.
To be sure there are cogent reasons to refuse to apply section 94 of title 12 of the United States Code to third-party actions.* We are persuaded, however, that this case is gov *513 erned by the sweeping language of the United States Supreme Court in Langdeau (supra), which indicates that the mandatory character of the statute may not be blunted by judicially created exceptions. Writing for a unanimous court, Mr. Justice White stated that: "The phrase 'suits . . . may be had’ was, in every respect, appropriate language for the purpose of specifying the precise courts in which Congress consented to have national banks subject to suit and we believe Congress intended that in those courts alone could a national bank be sued against its will.” (371 US 555, 560.) Of course, the mere fact that this proceeding is brought as a third party rather than a direct action is not sufficient to deprive the bank of its statutory privilege: the change of form does not vary the burden of defense.
Our conclusion in this regard is reinforced by the Supreme Court’s decision in Radzanower v Touche Ross & Co. (supra), which held that even the broad jurisdictional provision in the later enacted Securities Exchange Act of 1934 would not strip a national bank of the shelter specifically conferred by Congress in the National Bank Act. If the Securities Exchange Act of 1934 does not imply an exception to or repeal of section 94 of title 12 of the United States Code, clearly the mere rule of practice governing third-party complaints does not (see Swiss Israel Trade Bank v Mobley, 319 F Supp 374, 375; Super Valu Stores v Western Film Serv. Corp., 416 F Supp 662). Although the result may be inconvenient to the parties and to the courts which are compelled to hear a case more than once to do complete justice, this is a matter for legislative consideration by Congress and should not be the subject of judicial intrusion (Mercantile Nat. Bank v Langdeau, supra, at p 563).
For these reasons we hold that a national bank may not be sued against its will in a third-party action, even one brought in good faith, except as provided by section 94 of title 12 of the United States Code. The motion to dismiss, therefore, should have been granted.
*514 As section 94 of title 12 of the United States Code controls even when a national bank is sued in its capacity as a fiduciary (see Roberts v Boshamer, 78 Civ 2540; Kader v First Nat. Bank of Fort Myers, 387 F Supp 535, 538-539; Rome v Eltra Corp., 297 F Supp 314, 316-317) dismissal was also proper as to the estate of Grady D. Harris.
The order of the Appellate Division should be reversed, with costs, and the question certified answered in the negative.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order reversed, with costs, and the motion to dismiss the third-party action granted. Question certified answered in the negative.

 (See Jones v Kreminski, 404 F Supp 667 [the policies served by the statute are not advanced by applying it to a defendant who does not choose where he is sued]; Odette *513 v Shearson, Hammill & Co., 394 F Supp 946 [application of the statute to a third-party action would be counter to the policy expressed in rule 14 of the Federal Rules of Civil Procedure that the rights of all persons concerned in a controversy should be adjudicated in a single proceeding]; see, also, Matter of Falstaff Brewing Corp. Antitrust Litigation, 434 F Supp 1225, 1229; and First Nat. Bank of Minneapolis v White, 420 F Supp 1331, reading Radzanower (supra), narrowly, and the American Law Institute Study of the Division of Jurisdiction Between State and Federal Courts, pp 412-413 [1969], which labeled the restrictive venue provisions of section 94 of title 12 of the United States Code "impossible to defend”.)