BASKIN, Judge.
Flagship National Bank of Miami has appealed an order dismissing some counts and transferring others of its third-party complaint.[1] We reverse.
Because we find that third-party plaintiff Flagship properly impleaded parties which might be liable to it if Fidelity Federal Mortgage Corporation were to recover on its claim against Flagship, and because we hold that the trial court’s jurisdiction was established by Fidelity’s action, we perceive no necessity for an independent basis for jurisdiction over the third-party complaint. Fla.R.Civ.P. 1.180; see Milhet Caterers v. North Western Meat, Inc., 185 So.2d 196 (Fla. 3d DCA 1966).
Regarding transfer or dismissal for improper venue based on 12 United States Code, section 94 (1981)[2] of appellant’s action against Hollywood Federal, we hold that a third-party defendant national bank may not raise section 94 as a defense where, as here, the trial court already has jurisdiction over the original action. Petrizzo v. United States, 492 F.Supp. 752 (D.N.J. 1980); Jones v. Kreminski, 404 F.Supp. 667 (D.Conn.1975), appeal dismissed, 603 F.2d 213 (2nd Cir.1979) remanded, 614 F.2d 1287 (2nd Cir.1979); Odette v. Shearson, Hammil & Co., 394 F.Supp. 946 (S.D.N.Y.1975); Fed. R.Civ.P. 14; Fla.R.Civ.P. 1.180; see Dorr-Oliver, Inc. v. Linder Industrial Machinery Co., 263 So.2d 237 (Fla. 3d DCA 1972); 3 J. Moore Federal Practice § 14.28(2) (1982); H. Trawick, Florida Practice and Procedure, *363 §§ 5-13,13-3 (1982); contra. Lazarow, Rettig & Sundel v. Castle Capital Corp., 49 N.Y.2d 508, 427 N.Y.S.2d 404, 404 N.E.2d 130 (1980); Swiss Israel Trade Bank v. Mobley, 319 F.Supp. 374 (S.D.Ga.1970).
Appellees’ forum non conveniens argument is without merit.
Reversed and remanded for proceedings consistent with this opinion.

. Flagship has not contested the court’s finding that jurisdiction over the subject matter cannot be obtained by seeking declaratory relief.

. Section 94 states:
Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.
Section 94 was repealed October 1, 1982. Garn-Saint Germain Depository Institutions Act of 1982, Publ.L. No. 97-320 § 406, 96 Stat. 1512 (1982) (to be codified at 12 U.S.C. § 226 note).