GLICKSTEIN, Judge.
This matter is distressing for several reasons. First, prohibition has been sought — a remedy that is so judicially traumatic that just the issuance of an order to show cause effects a stay of the proceedings in the trial court. See Florida Rules of Appellate Procedure 9.100(f). The Supreme Court said in this regard:
In Florida, the courts have consistently determined, in accord with the historical understanding and background of the writ of prohibition, that it is meant to be very narrow in scope, to be employed with great caution and utilized only in emergencies English v. McCrary, 348 So.2d 293, 296 (Fla.1977).
It is patently clear from the petition that whatever remedy may be available to petitioner, prohibition is inappropriate. Second, petitioner has named a non-judicial respondent; namely, the personal representative of an estate, notwithstanding the following language in English:
Prohibition may only be granted when it is shown that a lower court is without jurisdiction or attempting to act in excess of jurisdiction.
Id. at 296. Third, the petition is directed at what the trial court has already done; and English pointedly recites that the writ is:
preventive and not corrective in that it commands the one to whom it is directed not to do the thing which the supervisory court is informed the lower tribunal is about to do. Its purpose is to prevent the doing of something, not to compel the undoing of something already done. It cannot be used to revoke an order already entered. State ex rel. Harris v. McCauley, 297 So.2d 826 (Fla.1974), State ex rel. R.C. Motor Lines, Inc. v. Boyd et al., 114 So.2d 169 (Fla.1959), State ex rel. Shailer v. Booher, 241 So.2d 720 (Fla. 4th DCA 1970).
Id. at 298. Fourth, the petition is untimely. Finally, counsel for petitioner has misused the term “emergency” on the face of his petition, causing the clerks and judges of this court to stop what they were doing immediately to attend to this alleged problem. Accordingly, we deny the petition.
BERANEK and HURLEY, JJ., concur.