■ ENRIQUE ROMAN et al., Respondents, v SUNSHINE RANCHETTES, INC., Appellant, et al., Defendants. — In an action, *inter alia,* for rescission of a real estate contract, Sunshine Ranchettes, Inc., appeals from (1) so much of an order of the Supreme Court, Kings County (Pino, J.), dated April 12, 1983, as denied those branches of its motion which sought dismissal of the complaint as to it for lack of personal jurisdiction and *forum non conveniens;* and (2) an order of the same court, dated June 2, 1983, which granted plaintiffs' motion for an injunction prohibiting Sunshine Ranchettes, Inc., from prosecuting actions pending against plaintiffs in the Circuit Court, Putnam County, State of Florida. Order dated April 12, 1983 affirmed insofar as appealed from, without costs or disbursements. Order dated June 2, 1983, reversed, as a matter of discretion, without costs or disbursements, and plaintiffs' motion for an injunction denied. Appellant's objection to the exercise of jurisdiction over it is without basis. Its principal does not deny that at the time of the transaction in question, he resided in New York and engaged in corporate business from his home address. He met with plaintiffs numerous times in Brooklyn to discuss the contract and receive their payments. The contract was executed in New York. These contacts evidence "purposeful activity in New York directed toward and resulting in the establishment of a contractual relationship" (*Reiner & Co. v Schwartz,* 41 NY2d 648, 654), and are a sufficient basis for the exercise of jurisdiction under CPLR 302 (subd [a], par 1). That branch of defendant's motion which sought dismissal on the ground of *forum non conveniens* (CPLR 327) was likewise properly denied. In a motion based on CPLR 327, the burden is on the moving party to establish clearly that another jurisdiction is the more appropriate forum (*Bader & Bader v Ford,* 66 AD2d 642, app dsmd 48 NY2d 649). Appellant has not met this burden. Moreover, the same New York contacts which support jurisdiction establish the "substantial nexus" with this State that permits retention (*Martin v Mieth,* 35 NY2d 414, 418). However, the order which granted the motion for an injunction must be reversed. Although Special Term was not without power to issue an injunction (see *Greenberg v Greenberg,* 218 App Div 104), its action was an improvident exercise of discretion. The instant case presents no extraordinary circumstances which would justify the extreme action taken (see *Lazarow, Rettig & Sundel v Castle Capital Corp.,* 63 AD2d 277, revd on other grounds 49 NY2d 508; *Latham & Co. v Mayflower Inds.,* 278 App Div 90; *Paramount Pictures v Blumenthal,* 256 App Div 756, app dsmd 281 NY 682). The mere fact that an action was first commenced in this State is insufficient to justify enjoining a party from litigating in another State (see *Merritt-Chapman & Scott Corp. v Mutual Benefit Life Ins. Co.,* 237 App Div 70). Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.