478 So.2d 1105 (1985)
CAPITOL FIDELITY LIFE INSURANCE COMPANY, et al., Appellants,
v.
STATE of Florida, ex rel., the DEPARTMENT OF INSURANCE of the State of Florida, Appellees.
No. BH-335.
District Court of Appeal of Florida, First District.
November 5, 1985.
Robert M. Foster and Christine Rieger Milton, of Mahoney, Adams, Milam, Surface & Grimsley, P.A., Jacksonville, for appellants.
R.J. Castellanos, of Florida Dept. of Ins., Div. of Rehabilitation and Liquidation, Tallahassee, for appellees.
WIGGINTON, Judge.
Appellants appeal, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3), the trial court's denial of motions to vacate an order to show cause filed by appellants TDR Management and Consulting, Inc., DNR Consultants, Douglas Consultants and Integrity Insurance Services, Inc. and by appellants Capitol Fidelity Marketing, Thomas Kalim, David Baldini and Richard Baldini. We affirm.
This cause of action was originated by the Department of Insurance of the State of Florida as an insurer delinquency proceeding pursuant to chapter 631, Florida Statutes, against the insolvent insurer, Capitol Fidelity Life Insurance Company. The show cause order, entered under the authority of the provisions of section 631.399, Florida Statutes, in response to the Department's petition, joined appellants as third party defendants to the proceeding and directed them to show cause why they should not be required to return cash distributions made to them as affiliates of Capitol Fidelity Life.
Venue in the original action was set in Leon County and has not been challenged by Capitol Fidelity Life. The motions *1106 to vacate challenged venue as to the above-named appellants. However, as third party defendants, appellants have no standing to challenge venue in this case. A third party proceeding is ancillary to the original action and venue of the original action applies. Mall Bank v. State ex rel. Department of Insurance, 462 So.2d 519 (Fla. 1st DCA 1985); Flagship National Bank v. Commercial Bank & Trust Company, 428 So.2d 361 (Fla. 3d DCA 1983).
Appellants further assert the trial court's lack of subject matter jurisdiction on the ground that they are not affiliates of Capitol Fidelity Life under section 631.399, Florida Statutes. However, the merits of the "affiliate" question are not ripe for review. The trial court merely has issued a show cause order which directs appellants to respond to the merits of the "affiliate" question by presenting any defenses they may assert in that regard, including the defense that they are not affiliates. Such a non-final order affecting subject matter jurisdiction is not reviewable in an interlocutory appeal pursuant to rule 9.130(a)(3). The proper arena for determination of the "affiliate" question under section 631.399 is in the trial court. The parties are not precluded from seeking review of the trial court's decision in that regard on direct appeal.
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.