■ MARIA MANASSERI, Respondent, v ANTHONY MANASSERI, Appellant.—In an action for a separation and other ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered July 8, 1985, following a hearing, which declared that he was not properly domiciled in Nevada at the time he commenced his action for divorce in that State, and directed that the plaintiff's motion for pendente lite relief be resubmitted to Special Term.

Order affirmed, without costs or disbursements.

The plaintiff wife and the defendant husband were married in New York on June 17, 1962, and they resided together in this State until January 1982, when the defendant left the marital abode. Shortly thereafter, the defendant commenced a divorce action in the Supreme Court, Queens County, and the plaintiff interposed counterclaims seeking a divorce as well. The action was tried before Justice Miller, and by judgment dated October 9, 1984, the defendant husband's complaint was dismissed for failure of proof. The wife's counterclaims were voluntarily withdrawn.

One week later, on October 16, 1984, the defendant, with two suitcases and his golf clubs, moved to Las Vegas, Nevada, where he was to begin a new job which had been procured the previous day. Within two to three weeks of his arrival in Nevada, he consulted an attorney with reference to the possibility of commencing a new divorce proceeding in Nevada. Approximately seven weeks after the defendant moved to Nevada, on December 6, 1984, the plaintiff was personally served with process in New York in a Nevada action in which the defendant again sought a divorce. The plaintiff did not appear in that action, and a decree of divorce was rendered on December 28, 1984.

The plaintiff however had in the interim attempted to commence her own separation action in New York, but efforts to serve the defendant in between September and November 1984 were unavailing. On November 21, 1984, the plaintiff obtained an order permitting service to be made on the defendant in Nevada pursuant to CPLR 308 (2), and said service is alleged to have been made on November 29, 1984.

The plaintiff then moved for pendente lite child support, maintenance and other ancillary relief, and the defendant cross-moved to dismiss the plaintiff's complaint on the ground, *inter alia,* that the Nevada divorce decree precluded the instant action. Initially, the cross motion was granted; however, after a hearing, upon reargument, the court found that the defendant was not properly domiciled in Nevada when he commenced his divorce action there, and directed that the motion and cross motion be resubmitted to Special Term. The defendant appeals from this order, claiming that the hearing court erroneously allocated the burden of proof on the issue of domicile, and that the plaintiff failed to establish that he was not properly domiciled in_Nevada when he commenced the Nevada proceedings.

While we agree that the hearing court erroneously placed the burden of proof on the defendant, we find that the plaintiff nonetheless sustained her burden and established that the defendant was not truly domiciled in Nevada when he began his second divorce action.

The plaintiff, as the party attacking the validity of the sister-State judgment, had the burden of establishing its invalidity *(see, Williams v North Carolina,* 317 US 287), and to do so, she had to demonstrate that the defendant had not acquired a bona fide domicile in Nevada at the time the divorce action in that State was commenced *(see, Matter of Lindgren,* 293 NY 18; 1 Foster & Freed, Law and the Family § 9.9, at 440-441).

Although the defendant sought to establish the fact of his alleged new domicile through a wealth of uncontradicted documentary proof, " 'formal declarations' of domicile such as voter registration or motor vehicle registration have lost their importance in recent years as courts have recognized their self-serving nature, the 'informal declarations' and acts of the person have been given greater recognition in resolving the question of domicile" *(Wilke v Wilke,* 73 AD2d 915, 917). Moreover, courts "often disregard the stated intent of the parties, look to their acts and apply basic legal principles to

those acts" *(Matter of McKone v State Tax Commn.,* 111 AD2d 1051, 1053). The test with respect to domicile is " 'whether the place of habitation is the permanent home of a person, with the range of sentiment, feeling and permanent association with it' " *(Matter of Bodfish v Gallman,* 50 AD2d 457, 458, quoting from *Matter of Bourne,* 181 Misc 2d 238, 246, *affd* 267 App Div 876, *affd* 293 NY 785).

Thus, despite all of the documentary proof submitted by the defendant, as well as his unequivocally stated intentions, we find that the plaintiff provided ample cause for concluding that the defendant husband was wholly unworthy of belief. The defendant's departure for Las Vegas so shortly after the dismissal of his New York action and his lack of credibility under the other peculiar circumstances of this case lead us to concur in the hearing court's finding that the defendant's Nevada domicile was a sham, constructed mostly of paper, and contrived in furtherance of his attempt to evade the ramifications of the laws with respect to divorce in this State. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.