■ GEORGE HYMAN CONSTRUCTION COMPANY, Respondent, v PRECISION WALLS, INC. OF RALEIGH, Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Ruskin, J.), dated November 14, 1986, which granted the plaintiff's motion for a preliminary injunction prohibiting the defendant from prosecuting an action pending against the plaintiff in the General Court of Justice, State of North Carolina, Superior Court Division, Wake County, and denied the defendant's cross motion to dismiss the complaint on the grounds of lack of personal jurisdiction, that another action is pending between the same parties for the same cause of action in another State, and forum non conveniens.

Ordered that the order is modified, on the law and as an exercise of discretion, by (1) deleting the provision thereof which granted the plaintiff's motion for a preliminary injunction and by substituting therefor a provision denying the plaintiff's motion and staying the action commenced in Su-

preme Court, Westchester County, pursuant to CPLR 3211 (a) (4), pending the outcome of the action commenced by the defendant in North Carolina, and (2) adding a provision granting the defendant leave to renew, after the resolution of the North Carolina action, that branch of its cross motion which was to dismiss the New York action for lack of personal jurisdiction; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to a subcontract with the plaintiff, the defendant, a North Carolina corporation having no contacts with New York State, performed certain construction work on an office complex owned by International Business Machines Corporation (hereinafter IBM) in Raleigh, North Carolina. All negotiations for the subcontract were conducted in that State.

The defendant subcontractor claims it was never fully paid for its work by the plaintiff general contractor and incurred damages as a result of delays caused by the plaintiff. The plaintiff claims it was damaged by the defendant's failure to perform its work diligently and in coordination with other subcontractors involved in the project. Each party has commenced lawsuits sounding in breach of contract against the other, the plaintiff in the Supreme Court, Westchester County, and the defendant in North Carolina. The plaintiff has answered the defendant's North Carolina complaint and has asserted therein a counterclaim which essentially is duplicated by the allegations of its subsequently served New York complaint. Among the forms of relief sought in both the counterclaim and the New York complaint, the plaintiff seeks to enjoin the defendant from prosecuting its action anywhere but in the Supreme Court, Westchester County. In its North Carolina complaint, the defendant has named IBM as a party defendant for the sole purpose of perfecting and enforcing its previously filed lien against the project property. However, this complaint was never served upon IBM. The plaintiff has executed and filed a bond to discharge the lien, in effect substituting a claim upon the bond for that upon the lien and rendering the dispute entirely between the defendant and the plaintiff, with IBM having no interest in its outcome.

In the instant action, the plaintiff based its motion for a preliminary injunction, and opposed that branch of the defendant's cross motion which was to dismiss the complaint for lack of jurisdiction, solely on the basis of a forum selection clause contained in the prime contract entered into by the plaintiff and IBM. That clause, which appears as article 11.5 in the prime contract, reads as follows:

"ARTICLE 11—MONETARY CLAIMS AND DEMANDS UPON IBM

"11.1 Monetary claims and demands upon IBM arising out of this Contract or in connection with the work, for any reason whatsoever must be presented by the Contractor to IBM in writing, within 14 days from the date of the first occurrence of the cause giving rise thereto and the claim or demand shall be limited to direct job costs incurred by the Contractor.

"11.2 All such monetary claims and demands presented by the Contractor must refer to this Article and shall be fully detailed and substantiated as to the nature and extent thereof, so as to permit prompt resolution.

"11.3 Any claim or demand by the Contractor to IBM for damages sustained shall not include any share in the savings or any profit, home office overhead or Fee otherwise applicable thereto.

"11.4 The Contractor hereby expressly waives all such claims and demands whether oral or written, and the right to present claims and demands, which are not made upon IBM in the time and manner set forth in this Article.

"11.5 The parties hereby agree that the proper venue of any lawsuit arising out of or relating to this Contract or in connection with the work based on a claim by the Contractor or its subcontractors, shall be the Supreme Court of the State of New York, County of Westchester."

The plaintiff contends the forum selection clause was incorporated by reference into the subcontract by clause (a) of paragraph 11 of that document, and that the defendant, therefore, may institute an action against the plaintiff only in the Supreme Court, Westchester County. Clause (a) of paragraph 11 of the subcontract provides, in pertinent part, that:

"11. Settlement of Disputes

"a. In case of any dispute between [plaintiff] and Subcontractor, due to any action of Owner [IBM] or involving the Contract Documents, Subcontractor agrees to be bound to [plaintiff] to the same extent that [plaintiff] is bound to owner by the terms of the Contract Documents, and by any and all preliminary and final decisions or determinations made thereunder by the party, board or court so authorized in the Contract Documents or by law, whether or not Subcontractor is a party to such proceedings. In case of such dispute, Subcontractor will comply with all provisions of the Contract Documents."

Clause (b) of paragraph 11 of the subcontract, which sets forth the method of resolving controversies between the plaintiff and the defendant not involving IBM or the prime contract documents does not refer to the prime contract, and therefore cannot restrict the defendant in its choice of forum.

On its face, article 11 of the prime contract applies only to monetary claims and demands asserted by the plaintiff or its subcontractors against IBM. Absent clear language to the contrary, the forum selection clause should be so limited (see, Washington Metro. Area Tr. Auth. ex rel. Noralco Corp. v Norair Eng'g Corp., 553 F2d 233, 235; United States Steel Corp. v Turner Constr. Co., 560 F Supp 871, 873-874). At present, there is no such claim against IBM. Nor has the plaintiff demonstrated that the instant dispute is due to any action of IBM or that it involves the prime contract documents. Such a showing may be possible, but would require further proceedings to determine the precise nature of the instant dispute. Therefore, the Supreme Court incorrectly determined, on the evidence before it, that the defendant is bound by the prime contract's forum selection clause.

Moreover, the rule of comity forbids the granting of an injunction to stay proceedings which have been commenced in a court of competent jurisdiction of a sister State unless it is clearly shown that the suit sought to be enjoined was brought in bad faith, motivated by fraud or an intent to harass the party seeking the injunction, or if its purpose was to evade the law of the domicile of the parties (see, Roman v Sunshine Ranchettes, 98 AD2d 744; Lazarow, Rettig & Sundel v Castle Capital Corp., 63 AD2d 277, 288, revd on other grounds 49 NY2d 508; Latham & Co. v Mayflower Indus., 278 App Div 90, 94; Paramount Pictures v Blumenthal, 256 App Div 756, 760, appeal dismissed 281 NY 682). Since there has been no such showing in the case at bar, the Supreme Court improperly prohibited the defendant from prosecuting its action in North Carolina.

Finally, it appears that the North Carolina court is a suitable forum fully capable of affording appropriate relief to the parties to this dispute. Therefore, in an exercise of our discretion pursuant to CPLR 3211 (a) (4), we conclude that the action commenced in the Supreme Court, Westchester County, should be stayed pending the outcome of the lawsuit commenced in North Carolina, particularly the plaintiff's request that that court decline jurisdiction on the basis of the prime contract's forum selection clause. Should revival of the New York action prove necessary, the defendant will be free to

renew its motion to dismiss on the ground of lack of personal jurisdiction. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.