516 So.2d 68 (1987)
Thomas KOULIANOS, As Mayor-Commissioner and Anthony Samarkos, Bea Raynard, Eve Lelekis and Anita Protos, As City Commissioners of the City of Tarpon Springs, Pinellas County, Florida, Appellants,
v.
Jo Ann W. PHILLIPS, Appellee.
No. 87-1181.
District Court of Appeal of Florida, Second District.
December 2, 1987.
*69 Michael N. Kavouklis and David S. Rodriguez, Tampa, for appellants.
No appearance by appellee.
RYDER, Judge.
The facts of this case are fully recited at Davis v. Civil Service Board of City of Tarpon Springs, 501 So.2d 1336 (Fla. 2d DCA 1987). Appellee filed a "Prohibition Complaint" against appellants in an effort to keep the Tarpon Springs Board of Commissioners from reinstating Davis without a Civil Service Board hearing. The trial court granted the writ and filed an order nisi in prohibition against appellants.
While the "Prohibition Complaint" and the subsequent entry of the order are riddled with procedural and substantive problems, we need only reach one for reversal. A writ of prohibition cannot be used in an attempt to control the decisions of the Tarpon Springs Board of Commissioners unless they are acting in a judicial or quasi-judicial function. The principle upon which we rely has been stated as follows:
At common law it is well settled that a writ of prohibition must be directed to some judicial tribunal or officer. In other words, it lies only to prevent or control judicial (or quasi judicial) action, as distinguished from legislative, executive, or ministerial action. Accordingly, it is generally held that prohibition will not lie to prevent the performance of ministerial duties by executive or administrative officers, or to restrain the performance by the courts of duties which are merely administrative and ministerial.
State ex rel. Swearingen v. Railroad Commissioners of Florida, 79 Fla. 526, 84 So. 444, 445 (1920). Accord State ex rel. Turner v. Earle, 295 So.2d 609 (Fla. 1974); Owen v. Bond, 83 Fla. 495, 91 So. 686 (1922); Baptiste v. Johnson, 434 So.2d 56 (Fla. 4th DCA 1983). The Tarpon Springs Board of Commissioners was not acting in a judicial, or even quasi-judicial, function when it set on its public meeting agenda the matter of whether to reinstate Roy Davis to his former position.
In light of the foregoing, we hold the trial court, being without jurisdiction, erred in entering the order nisi in prohibition, We, therefore, reverse, set aside and vacate said order.
Reversed.
SCHEB, A.C.J., and FRANK, J., concur.