PER CURIAM.
In these consolidated cases, Auction Company of America handled the sale of two parcels of property situated in Bro-ward County for Commerce Center of South Broward, Ltd. One parcel was sold to the Schwartzes (case no. 90-1025) and one to Randy Slater (case no. 90-1067). When it became apparent that the sales would not close, the escrow agent, situated in Dade County and relying on a contract provision which stated that any legal action concerning the land sales contracts would take place in Dade County, filed an inter-pleader action for each sale in Dade County to determine whether it should disburse the escrow to the seller or the respective buyers. In its complaints, the escrow agent alleged the defendants disputed who was entitled to the escrow deposit it held.[1]
Auction Company, Commerce Center and Peter Mathews filed cross-claims and third-party claims to the original interpleader action. The underlying intent of the cross-claims was Auction Company’s allegation of entitlement to sales commissions on the deals. In case no. 90-1025, the court granted Commerce Center’s motion to dismiss the interpleader and to transfer venue from Dade, locale of Auction Company, to Hillsborough County, the locale of Commerce Center. In case no. 90-1067, the court denied Commerce Center’s motion for change of venue.
The general rule is that where cross-claims are filed, “a court with jurisdiction of the principal action may determine incidental or ancillary proceedings, even though venue of such would normally be in another county.” Goedmakers v. Goedmakers, 520 So.2d 575, 579 (Fla.1988). See also Capitol Fidelity Life Ins. Co. v. State ex rel. Dept. of Ins., 478 So.2d 1105, 1106 (Fla. 1st DCA 1985) (“A third party proceeding is ancillary to the original action and venue of the original action applies.”); Vance v. Minton, 444 So.2d 1162, 1168 (Fla. 3d DCA 1984) (Where a defendant is made a party in good faith at the outset of the action, his subsequent dismissal does not affect the propriety of the initial venue so as to require that the action be transferred to the remaining defendant’s home county.). See generally 56 Fla.Jur.2d Venue § 51 (1985). In this case, *266 the cross-claims were all ancillary to the original interpleader action which was properly filed in Dade County. Consequently, it was error for the judge in case no. 90-1025 to transfer venue even though the interpleader was dismissed.
Accordingly, we affirm the trial court’s action in case no. 90-1067 and reverse the transfer of venue in case no. 90-1025. In so doing, we decline to follow Commerce Center’s invitation to find that the inter-pleader actions lacked a common identity and were sham because no such finding was made by the trial court.
Reversed and remanded.

. At oral argument, this court was informed that a demand was made on the escrow agent for the deposit contrary to the terms of the parties’ agreement.