■ ZEV CHAYES, Appellant, v SHEILA W. CHAYES, Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered September 17, 1991, which denied plaintiff's motion for a preliminary injunction prohibiting defendant from prosecuting an action against him in Massachusetts, and, upon a search of the record, dismissed the complaint, unanimously affirmed, without costs.

The rule of comity forbids our courts from enjoining an action in a sister State "unless it is clearly shown that the suit sought to be enjoined was brought in bad faith, motivated by fraud or an intent to harass the party seeking an injunction, or if its purpose was to evade the law of the domicile of the parties" *(Hyman Constr. Co. v Precision Walls,* 132 AD2d

523, 526). No such showing has been made here. Defendant has merely invoked a Massachusetts law (Mass Gen L, ch 208, § 34) that, she believes, entitled her, as a Massachusetts domiciliary, to an assignment of an interest in the house in Massachusetts she began renting from defendant before the parties were divorced. Consequently, whether principles of res judicata and full faith and credit arising out of the New York judgment of divorce bar defendant from litigating the title to this Massachusetts property in a Massachusetts court is a question more appropriately addressed to the Massachusetts court. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.