■ BRYLGROVE LIMITED, Respondent-Appellant, v TOMKINS, PLC, Appellant-Respondent, and TOMKINS, CORPORATION et al., Respondents-Appellants, et al., Defendant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 25, 1991, which granted so much of the motion seeking to dismiss the complaint as against defendants Tomkins Corporation, Murray Ohio Manufacturing Company and Richard G.G. Carr and which, *inter alia,* denied the motion to the extent of holding Tomkins, PLC to be subject to personal jurisdiction pursuant to CPLR 302 (a) (1), unanimously affirmed, with costs.

A review of the facts demonstrates that Tomkins, PLC sufficiently "transacted business" in New York to be subject to the jurisdiction of the courts of New York pursuant to CPLR 302 (a) (1) *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467; *Bulova Watch Co. v Hattori & Co.,* 508 F Supp 1322, 1345). The same New York contacts which support jurisdiction also provide a " 'substantial nexus' " with this State sufficient to defeat defendant's motion to dismiss on forum non conveniens grounds *(Roman v Sunshine Ranchettes,* 98 AD2d 744). Moreover, all things considered, it appears that New York is a more convenient forum than London to litigate this case.

We also note that the IAS Court properly declined to dismiss plaintiff's third cause of action since it states a cause of action sounding in quasi-contract. The complaint was appropriately dismissed as to Tomkins Corporation, Murray Ohio and Richard G.G. Carr since there is no evidence that these defendants received any personal or corporate benefit from the contract to warrant a finding of liability *(cf., Bradkin v Leverton,* 26 NY2d 192).

We have considered the other issues raised and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.