613 So.2d 587 (1993)
BROWARD COUNTY, Petitioner,
v.
FLORIDA NATIONAL PROPERTIES, etc., et al., Respondents.
No. 91-3492.
District Court of Appeal of Florida, Fourth District.
February 10, 1993.
John J. Copelan, Jr., County Atty., and Charles H. Webb, Asst. County Atty., Fort Lauderdale, for appellant.
Terri L. DiGiulian of Bruno L. DiGiulian & Associates, P.A., Fort Lauderdale, for appellees.
OWEN, WILLIAM C., Jr., Senior Judge.
Broward County appeals a non-final order directing it to show cause why a writ of prohibition should not be granted, and prohibiting it from "requiring any permits, conducting any hearings or taking any action against" appellees, petitioners below, pending further order of that court. We treat this appeal as a petition for writ of certiorari which we grant, quashing the trial court's order.
Appellee, Florida National Properties (FNP) is a real estate developer which had been dredging for fill from a lake on certain property owned by it. The county issued to FNP a notice of violation on the grounds that FNP had failed to obtain a required county license for such activities, and scheduled an administrative hearing. Before the hearing could be held, FNP filed its petition for writ of prohibition in the circuit court seeking to prohibit the hearing. The trial court issued an "order nisi in prohibition". The county's answer alleged that the case was moot because the notices of violation had been rescinded. Subsequently, the county notified FNP that before *588 it commenced any excavation on another parcel of land which it owned (known as Meadow Run), it would be required to apply for a dredge and fill license. That notice triggered from FNP (and an intervenor, North Springs Improvement District), a motion to amend the order nisi in prohibition so as to include the Meadow Run property within its scope. After hearing, the court granted the motion to amend and amended its prior order accordingly. It is from this amended order that the county has taken its appeal, which we now treat as a petition for writ of certiorari.
While we would not ordinarily review a mere order to show cause, see, e.g., Capital Fidelity Life Ins. Co. v. State ex rel. Dep't of Ins., 478 So.2d 1105 (Fla. 1st DCA 1985), we conclude that the order involved here not only departs from the essential requirements of law, but that absent immediate review by this court, the county may suffer irreparable harm for which remedy on plenary appeal is inadequate. The effect of the circuit court's order is to allow FNP to conduct dredge and fill activities while the prohibition proceeding is pending below, without first having obtained a Broward County license which, the county says, "establishes conditions to protect the environment and to specifically ensure that there is a minimal impact on wetlands." Any harm to the environment created by FNP's dredging without the proper safeguards would, of course, not be remediable on plenary appeal.
At the time FNP filed its motion to amend, the county had merely informed FNP that it would need to apply for a county license before commencing any dredge and fill operations on the Meadow Run property. There had been no notice of violation issued with respect to the activities on that property, nor had any administrative hearing been scheduled. The county's conduct in simply informing FNP that it needed to apply for a license was not judicial or quasi-judicial action but was, instead, an executive or administerial action. Prohibition lies only to prevent judicial or quasi-judicial actions, not legislative, executive or administerial actions. See State ex rel. Swearingen v. R.R. Comm'rs of Fla., 79 Fla. 526, 84 So. 444 (1920); Koulianos v. Phillips, 516 So.2d 68 (Fla. 2d DCA 1987). Furthermore, prohibition is an extraordinary writ, to be employed with great caution and utilized only in emergencies, and may be invoked only where the party seeking the writ has no other appropriate and adequate legal remedy. English v. McCrary, 348 So.2d 293 (Fla. 1977). Should appellees be cited for a violation of the Broward County code, they have available administrative remedies and the right to review by appeal of any final agency action.
We limit our ruling here to the peculiar facts and circumstances of this case. We need not, nor do we, determine at this juncture the underlying question concerning the validity of the legislation granting Broward County the authority to issue dredge licenses and hold hearings on notices of violation.
Certiorari is granted and the amended rule nisi in prohibition is quashed.
HERSEY and WARNER, JJ., concur.