■ Janet L. N. Ackerman, Appellant, v Don E. Ackerman, Respondent. [631 NYS2d 657] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered May 17, 1995, which denied plaintiff wife's motion to enjoin defendant husband from prosecuting a divorce action he instituted in Connecticut, and granted defendant's cross motion to dismiss the instant action to the extent of staying its prosecution pending the Connecticut action, unanimously affirmed, without costs.

"The rule of comity forbids our courts from enjoining an action in a sister State 'unless it is clearly shown that the suit sought to be enjoined was brought in bad faith, motivated by fraud or an intent to harass the party seeking an injunction, or if its purpose was to evade the law of the domicile of the parties' " (*Chayes v Chayes*, 180 AD2d 566, quoting *Hyman Constr. Co. v Precision Walls*, 132 AD2d 523, 526; *see also, Vanneck v Vanneck*, 49 NY2d 602, 608). No such showing was made here. There is no indication that plaintiff's rights cannot be fully protected in Connecticut, that its courts will be unable to adjudicate fairly all issues relating to dissolution of the marriage and distribution of the parties' property, or that defendant's contacts with Connecticut during the marriage were so insubstantial as to render his post-separation residence there less than bona fide. We would also note that the Connecticut action was commenced first, and that a clear basis

for jurisdiction in Connecticut exists under Connecticut General Statutes Annotated § 46b-44 (a), which provides that "[a] complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state" (*cf., Vanneck v Vanneck, supra*, at 608-609). Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.