SAREPA, S. A., Respondent, v PEPSICO, INC., et al., Appellants. [639 NYS2d 128]

The rule of comity forbids the granting of an injunction to stay proceedings which have been commenced in a foreign court of competent jurisdiction unless it is clearly shown that the suit sought to be restrained was brought in bad faith, or motivated by fraud or an intent to harass the party seeking the injunction, or if its purpose was to evade the law of the domicile of the parties (see, Chayes v Chayes, 180 AD2d 566; Hyman Constr. Co. v Precision Walls, 132 AD2d 523, 526; Roman v Sunshine Ranchettes, 98 AD2d 744; Lazarow, Rettig & Sundel v Castle Capital Corp., 63 AD2d 277, 288, revd on other grounds 49 NY2d 508; Latham & Co. v Mayflower Indus., 278 App Div 90, 94; Paramount Pictures v Blumenthal, 256 App Div 756, 760). There has been no such clear showing in the instant case. Accordingly, the Supreme Court improperly granted the injunction. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.