■ CAROLINE C. BOYNTON, Appellant, v JAMES S. BOYNTON, Respondent. [644 NYS2d 173]

The IAS Court properly exercised its discretion in enjoining the New York action brought by the wife upon a finding of pre-separation contacts by the parties with Connecticut that were not so insubstantial as to indicate that the husband's claim of post-separation residency there was less than bona fide, or that the action he brought there was motivated by an intent to harass the wife or other bad-faith motive (*see, Vanneck v Vanneck*, 49 NY2d 602, 608; *Ackerman v Ackerman*, 219 AD2d 515). Among other things, the parties have owned a second home in Connecticut for much of the marriage, have Connecticut driver's licenses, are registered to vote in Connecticut and filed income taxes as Connecticut residents, and the husband has childhood and continuing family ties to Connecticut, and maintains several memberships in two private clubs in Connecticut and no such membership in New York (*cf., Manasseri v Manasseri*, 121 AD2d 697, 698-699). We would also note that the Connecticut action was commenced first in time, and that no reason appears why the Connecticut court would not be able to adjudicate fairly all issues before it, including its own jurisdiction based on the husband's claimed residence there. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.