PER CURIAM.
Petitioner, City of Miami, seeks a writ of prohibition challenging the respondent circuit court’s jurisdiction to entertain a writ of cer-tiorari.
Respondent, Earl Wiggins, was discharged from the police academy and as a result he directed his attorney to draft a letter to the chief of police demanding that the respondent be reinstated. The letter also requested a name clearing hearing. A police legal advisor responded to this demand by letter and expressly denied the demand for reinstatement, but the letter did not address the request for a name clearing hearing. The respondent filed a petition for writ of certio-rari contending that the letters constituted an order for the court to review.
The circuit court transferred the case sua sponte to the appellate division and the appellate court issued an order to show cause. The City of Miami moved to dismiss the petition for writ of certiorari for lack of jurisdiction because the letters did not constitute an order from a judicial or quasi-judicial proceeding. The motion was summarily denied. We agree with the City of Miami that the petition for certiorari should have been dismissed.
The letters did not constitute an order or a proceeding from which the circuit court could grant review. See Bloomfield v. Mayo, 119 So.2d 417 (Fla. 1st DCA 1960). No notice, hearing or quasi-judicial determination was required in this ease because recruits in the police academy are merely probationary employees. This was solely an executive action which is beyond the court’s jurisdiction. Thus, the court could not entertain the petition for writ of certiorari. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); De Groot v. Sheffield, 95 So.2d 912 (Fla.1957); Koulianos v. Phillips, 516 So.2d 68 (Fla. 2d DCA 1987); G-W Development Corp. v. Village of North Palm Beach Zoning Bd. of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975).
Petition for writ of prohibition granted.