■ THOMAS HEYDT-BENJAMIN, Respondent, v AVA DAWN HEYDT-BENJAMIN, Appellant. [923 NYS2d 350]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Nicolai, J.), dated June 2, 2010, as granted the plaintiff's motion for temporary custody of the two subject children, denied that branch of her cross motion which was to dismiss the complaint for lack of subject matter jurisdiction, and, in effect, denied that branch of her cross motion which was for an award of pendente lite maintenance and an attorney's fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contentions, this action for divorce may properly be maintained in New York (see Domestic Relations Law § 230), since New York is the domicile of the plaintiff (see Guedes v Guedes, 45 AD3d 533, 534-535 [2007]; Unanue v Unanue, 141 AD2d 31, 34-35 [1988]; Laufer v Hauge, 140 AD2d 671 [1988]; Manasseri v Manasseri, 121 AD2d 697, 699 [1986]).

Furthermore, the New York courts have jurisdiction to hear the custody matter pursuant to Domestic Relations Law § 76 (1) (b) (see Warshawsky v Warshawsky, 226 AD2d 708 [1996]; Charpentier v Charpentier, 98 AD2d 740 [1983]).

The Supreme Court properly granted the plaintiff continued temporary custody of the parties' two children in accordance with their best interests (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; Ekstra v Ekstra, 78 AD3d 990 [2010]). On the facts presented, the Supreme Court was not required to conduct a hearing, and the parties would best be served by proceeding toward a speedy trial (see e.g. Kehoe v Kehoe, 234 AD2d 272 [1996]).

The Supreme Court properly, in effect, denied that branch of the defendant's cross motion which was for an award of pendente lite maintenance and an attorney's fee. Pendente lite maintenance awards should be an accommodation between the reasonable needs of both parties (see Mueller v Mueller, 61 AD3d 652 [2009]; Ryan v Ryan, 186 AD2d 245 [1992]). Here, neither party is the monied spouse, and the plaintiff is paying expenses for the parties' children. Under the circumstances, a pendente lite award of an attorney's fee (see Domestic Relations Law § 237 [a]) was also properly denied (see O'Shea v O'Shea, 93 NY2d 187, 190 [1999]; Prichep v Prichep, 52 AD3d 61, 65 [2008]; Morrissey v Morrissey, 259 AD2d 472 [1999]).

The defendant's remaining contentions are without merit. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.