# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DELTA AIR LINES, INC.,**
Petitioner,

v.

**CHRISTOPHER IULIANO,**
Respondent.

No. 4D2025-0576

[September 8, 2025]

Petition for Writ of Prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE24-006370.

W. Randall Bassett of King & Spalding LLP, Miami, David L. Balser and Charles G. Spalding, Jr. of King & Spalding LLP, Atlanta, Georgia, and Julia B. Bates of King & Spalding LLP, Austin, Texas, for petitioner.

Alec H. Schultz and Ellen Ross Belfer of Hilgers Graben PLLC, Miami, and Edward H. Zebersky and Mark S. Fistos of Zeberesky Payne LLP, Fort Lauderdale, for respondent.

Bryan S. Gowdy of Creed & Gowdy, P.A., Jacksonville, for amicus curiae The Florida Justice Association.

## ON MOTION FOR REHEARING, MOTION FOR REHEARING EN BANC, AND MOTION FOR CERTIFICATION

PER CURIAM

We *sua sponte* withdraw our prior opinion, substitute the following opinion in its place, and deny respondent Christopher Iuliano's ("plaintiff") Motion for Rehearing, Rehearing En Banc, and/or Certification.

Delta Air Lines, Inc. ("Delta") petitions for a writ of prohibition from the denial of its motion to dismiss the complaint. Delta argues that the plaintiff's suit is legally barred on federal preemption grounds. For the following reasons, we agree with Delta and grant the petition.

**Background**

In November 2023, plaintiff purchased a non-refundable ticket from Delta for a flight departing the following month. A security service fee required by 49 C.F.R. § 1510.5(a) ("the security fee") was included in the fees the plaintiff paid as part of the purchase price.

Before his departure date, the plaintiff canceled his flight. He received a credit voucher that could be used on any Delta flight within the following year. The credit voucher's value included the price of the flight and the various fees the plaintiff had paid, including the security fee. This was consistent with the parties' contract, which stated that "Delta will not refund any portion of a fare that is nonrefundable, and Delta will not refund any taxes or government-imposed fees or charges collected upon nonrefundable tickets."

Believing this arrangement violated 49 C.F.R. § 1510.11(b)[1] and that he was entitled to a refund, not a credit, the plaintiff sued Delta in a class action seeking a declaratory judgment that the contractual "provision is in contravention of federal law and thus void and unenforceable pursuant to the contract's choice of law clause" and "[s]uch other supplemental relief as the Court deems just and proper[.]"

Delta then moved to dismiss the suit. In doing so, Delta raised a variety of arguments, including (1) lack of standing because the plaintiff could not establish redressability and (2) the complaint being preempted by federal law.

In opposition to this motion to dismiss, the plaintiff argued that his alleged injury was redressable because he could be awarded monetary damages as "supplemental relief," and his cause of action was not preempted because he was seeking to enforce a contractual provision. The plaintiff's position was that because the contract's choice of law provision stated that "[a]ny and all matters arising out of or relating to this Contract

---

[1] 49 C.F.R. § 1510.11(b) provides:

> Security service fees collected by a direct air carrier or foreign air carrier are held in trust by that direct carrier for the beneficial interest of the United States in paying for the costs of providing civil aviation security services described in 49 U.S.C. 44940. The direct air carrier or foreign air carrier holds neither legal nor equitable interest in the security service fees except for the right to retain any accrued interest on the principal amounts collected pursuant to § 1510.13(b).

2

of Carriage and/or the subject matter hereof shall be governed by and enforced in accordance with the laws of the United States of America[,]" the contract incorporated all federal regulations, including 49 C.F.R. § 1510.11(b).

Ultimately, the circuit court agreed with the plaintiff and denied Delta's motion to dismiss. Delta now petitions for a writ of prohibition from this order denying its motion to dismiss.

## Analysis

A writ of "prohibition is an extraordinary writ[] . . . and may be invoked only where the party seeking the writ has no other appropriate and adequate legal remedy." *Broward Cnty. v. Fla. Nat'l Props.*, 613 So. 2d 587, 588 (Fla. 4th DCA 1993). Such a writ is appropriate when a trial court erroneously denies a motion to dismiss on federal preemption grounds. *See DHL Exp. (USA), Inc. v. State, ex rel. Grupp*, 60 So. 3d 426, 428 (Fla. 1st DCA 2011); *Am. Mar. Officers Union v. Merriken*, 981 So. 2d 544, 547 (Fla. 4th DCA 2008).

Additionally, issues of contract and statutory interpretation are reviewed de novo. *Ellis v. Titan Restoration Constr., Inc.*, 408 So. 3d 776, 778 (Fla. 4th DCA 2025). And "when reviewing such issues, both contracts and statutes are to be interpreted in accordance with their plain language." *Id.*

49 U.S.C. § 41713(b)(1) (2024), which is part of the Airline Deregulation Act (ADA) of 1978, provides:

> Except as provided in this subsection, a State[] . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier[.]

This statute has broad preemptive effect. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992). For an action not to be preempted, it must "seek[] recovery solely for the airline's breach of its own, self-imposed undertakings[,]" such as through a contract. *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 229 (1995); *see also Nw., Inc. v. Ginsberg*, 572 U.S. 273, 284 (2014) ("Finally, if all state common-law rules fell outside the ambit of the ADA's pre-emption provision, we would have had no need in *Wolens* to single out a subcategory of common-law claims, i.e., those based on the parties' voluntary undertaking, as falling outside that provision's coverage." (emphasis removed)).

3

However, for a contractual obligation to satisfy the *Wolens* exception and create a private right of action under state law, the contract must explicitly adopt the federal regulations. *See Onoh v. Nw. Airlines, Inc.*, 613 F.3d 596, 600 (5th Cir. 2010); *see also Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 36-37 (1st Cir. 2007) ("The plaintiffs have not directed us to a single case holding that a federal regulation incapable of spawning an implied private right of action may be enforced between private parties as an *implicit* contract term. The precedent that they most loudly trumpet[] . . . is inapposite. The contract at issue there *explicitly* incorporated federal regulations." (emphasis modified)).

But the contract here does not explicitly adopt the federal regulations because the provision upon which the plaintiff relies is found in the contract's choice of law provision, and a choice of law provision merely "designate[s] the jurisdiction whose law will govern any disputes that may arise between the parties." *See Choice of Law Clause*, Black's Law Dictionary (12th ed. 2024); *State v. Demons*, 351 So. 3d 10, 16 (Fla. 4th DCA 2022) (explaining the title-and-headings canon of construction, which provides that a text should be read consistently with its heading); *see also Onoh*, 613 F.3d at 600 (explaining that treating "the simple references [in the contract] to the need to comply with all applicable law" as explicitly adopting federal regulations would be "a large stretch").

## Conclusion

The plaintiff's suit against Delta is preempted by 49 U.S.C. § 41713(b)(1). Accordingly, we grant Delta's petition for writ of prohibition and remand for the trial court to dismiss the complaint.

*Petition granted; remanded with instructions.*

WARNER and LEVINE, JJ., concur.
ARTAU, J., concurs in result only.

*        *        *

4